## MARLAND REFINING CO. et al. v. BIVINS et al.

No. 19676.   Opinion Filed Dec. 31, 1928.

Keaton, Wells, Johnston & Barnes, for petitioners.

Edwin Dabney, Atty. Gen., R. G. Thompson, Asst. Atty. Gen., and Sullivan Rice, for respondents.

PER CURIAM. This is an original action in this court brought by the petitioners herein, respondents below, to review an order of the State Industrial Commission denying its motion to dismiss claimant's claim pending before the Commission.

The claimant while in the employ of the petitioner received an injury on December 19, 1925. On January 2, 1926, he returned to work for a few weeks, and on January 12, 1926, petitioner filed with the State Industrial Commission a report of the accident; and on March 9, 1926, an affidavit was filed showing payment of compensation and for medical attention. On June 17, 1927, claimant filed his first notice of injury and claim for compensation, and thereafter on July 7, 1927, filed his motion to reopen the cause, which motion was on July 9, 1927, granted. On July 25, 1927, petitioner filed its motion to dismiss said claim for compensation on the ground that the Commission did not have jurisdiction over the subject-matter before it, for the reason that the claimant did not file his claim for compensation within one year from the date of the accident and the right to claim compensation is barred under section 7301, C. O. S. 1921. The petitioner's motion to dismiss was on July 30, 1928, overruled. No further action has been taken by the Commission, and it is the order denying said motion to dismiss which the petitioner seeks to have here reviewed.

The claimant and the State Industrial Commission have filed in this court their motion to dismiss the action for the reason the order sought to be reviewed is not a reviewable order within the meaning of section 7297, C. O. S. 1921, as amended by chapter 61, Session Laws 1923. So much of said section 7297, supra, as is necessary to

determine the question presented is as follows:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court to review such award or decision. * * *"

An award or decision under the above statute is the award or decision provided for in section 7294, C. O. S. 1921, which shall be made after a necessary investigation or hearing as in said section provided. A review of such award or decision necessarily requires a review of the jurisdiction of the Commission to make the award or decision, and until such award or decision is made, this court will not review any intermediary order of the Commission.

The order denying petitioner's motion to dismiss was not a final order, but left the matter still pending before the State Industrial Commission, and until a decision or award as provided in section 7294, supra, is made, the action of the Commission in denying the motion to dismiss is not reviewable by this court.

We are not unmindful of the rules prescribed by this court governing the commencement and trial of actions in this court for the purpose of reviewing awards or decisions of the State Industrial Commission under the Workman's Compensation Law. Rule 8 provides that no such action shall be dismissed by the Supreme Court without a full hearing, upon any ground, except that the petition required by Rule 1 was not filed within the time required by the law. But we hold that actions for the purpose of reviewing awards or decisions of the Commission as provided in Rule 1 means an action to review an award or decision as provided in section 7297, supra. Such award or decision as is provided for in section 7294, supra, and the conclusion reached herein, do not violate said rule. The order sought to have reviewed by this court not being an award or decision within the meaning of section 7294, supra, and the cause still pending before the State Industrial Commission, the petition for review filed in this court is premature.

The motion to dismiss is sustained, and the action is hereby dismissed.

Note.—See under (1) anno. L. R. A. 1916A, pp. 178, 266; L. R. A. 1917D, 186; 28 R. C. L. p. 827 et seq.; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580; 6 R. C. L. Supp. p. 1766; 7 R. C. L. Supp. p. 1011.