## PROTEST OF OKLAHOMA PIPE LINE CO.

No. 22219. Opinion Filed Jan. 19,1932.

Rehearing Denied April 26, 1932.

James W. Irwin, Co. Atty., for plaintiffs in error.

West, Gibson, Sherman, Davidson & Hull, for defendant in error.

RILEY, J. This is an appeal from a

judgment of the Court of Tax Review sustaining the protest of the Oklahoma Pipe Line Company against .5 mill of the tax levy made for the benefit of consolidated school district No. 3, Muskogee county, for the fiscal year ending June 30, 1931.

The substance of the protest is that in the statement of the financial condition of said school district, as of June 30, 1931, the balance failed to include free cash in the sum of $778.08, resulting in a show of a deficit in the sum of $142.25, and that if said cash had been taken into account a surplus of $635.83 would have been reflected.

The cause was tried on an agreed statement of facts and judgment was entered sustaining the protest, and the county attorney appeals.

The agreed statement, in part, is:

"It is further agreed that upon the books of the county treasurer of said county, there appeared on June 30, 1930, a cash surplus of prior years fund amounting to $778.08, which sum in the prior years cash account was reduced to a surplus of $328.40, by the inclusion in said cash account of an item styled 'Reserve for 1929-30 appropriation' in the sum of $449.68.

"It is further agreed that neither said book's prior years' surplus of $778.08, or any part thereof, was carried forward as free cash surplus into the balance sheet of the next fiscal year, 1929-30.

"It is further agreed that the current balance sheet of said school district as of June 30, 1930, showed a deficit of $142.25.

"It is further agreed that if the prior years' surplus of $778.08 had been carried forward to said balance sheet, the deficit of $142.25 would have been converted into a surplus of $635.83.

"It is further agreed that a portion of the prior years' surplus, to wit, the sum of $328.-40, was carried forward into the certificates of the excise board for the ensuing fiscal year 1930-31."

The statement does not fully reveal how the cash surplus of prior years, amounting to $778.08, accrued, as the financial statement for the previous years is not in the record. It is agreed, however, that the $778.08 surplus had been reduced by an item of $449.68, styled "Reserve for 1929-30, appropriations," thus reducing the surplus on paper to $328.40. There is no showing that the $449.68 item was necessary to discharge appropriations of that amount in 1929-30. If such had been the case, it would have been a simple matter for the protestees to have shown the same. In fact, the financial statement starts out with the showing of a surplus of $449.68, and then shows the amount reserved for appropriations for 1929-30. It is difficult to understand how there could be a surplus of $449.68, and still be necessary to reserve that same sum for appropriations for that year. No showing having been made that the reserve was necessary, the judgment of the trial court should be, and is hereby affirmed.

LESTER, C. J., CLARK, V. C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.