## OKLAHOMA PIPE LINE CO. v. FARRELL et al.

No. 23092. Opinion Filed June 21, 1932.

Rehearing Denied Nov. 1, 1932.

West, Gibson, Sherman, Davidson & Hull, for petitioner.

A. H. Murrah, Luther Bohanon, and M. F. Boddie, for respondents.

HEFNER, J. This is an original proceeding in this court by the Oklahoma Pipe Line Company, a corporation, to review an order of the Industrial Commission awarding compensation to Corbett J. Farrell.

The record shows that claimant received an injury to his side while working for petitioner on January 14, 1929. He was at that time a minor. On May 5, 1929, through his father as next friend, he filed an application with the Commission for compensation. On July 29, 1929, his claim was by the Commission dismissed for want of prosecution. Thereafter, and on September 11, 1931, he refiled his claim for compensation and upon a hearing an award was entered in his favor.

Petitioner contends that, under section 7301, C. O. S. 1921, claimant's claim was barred for the reason that it was not filed within one year from the date of the injury. Section 7301, supra, provides:

"The right to claim compensation under this act shall be forever barred unless within one year after the injury, a claim for compensation thereunder shall be filed with the Commission."

When the claim was dismissed without prejudice, it disposed of the entire matter then pending before the Commission. The case then stood as though no claim had ever been filed. Claimant had a right, as a matter of law, to refile his claim at any time within a year after the injury occurred. Not having done so, his claim is barred.

Claimant contends that the statute did not run against him while he was a minor, and, in support thereof, relies upon section 7334, C. O. S. 1921, which provides:

"No limitation of time provided in this act shall run as against any person who is mentally incompetent or a minor dependent so long as he has no committee, guardian or next friend."

This section was construed by this court in the case of Skelly Oil Co. v. Johnson, 157 Okla. 12 P. (2d) 177. It is there said:

"Section 7334, C. O. S. 1921, providing that no limitation of time provided in this act shall run as against any person who is mentally incompetent or a 'minor dependent' so long as he has no committee, guardian, or next friend does not apply to a 'minor employee' who is mentally competent, claiming compensation for injuries to himself under the Workmen's Compensation Law."

This case is decisive against the contention of claimant.

It is further urged that under section 684 C. O. S. 1921, claimant had the right to vacate the order of dismissal within one year after he arrived at the age of majority. This contention has also been decided against him in the Skelly Case, supra, where it is held:

"Under the Workmen's Compensation Law of this state a minor employee who is mentally competent may maintain in his own name a proceeding against his employer for compensation for an accidental injury arising out of and in the course of his employment."

See, also, U. S. F. & G. Co. v. Cruce, 129 Okla. 60, 263 P. 462.

Under these authorities, section 684, supra, has no application to an action before the State Industrial Commission.

The question of whether the case could have been reopened upon a showing of changed condition is not involved in this proceeding, and is therefore not determined.

The order of the Industrial Commission is vacated and the cause remanded, with directions to dismiss the claim.

RILEY, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., dissents. LESTER, C. J., and CLARK, V. C. J., absent.