## ROYAL MINING CO. et al. v. MURRAY et al.

No. 24445. Dec. 5, 1933.

Rehearing Denied March 13, 1934.

Ray McNaughton and Arthur G. Croninger, for petitioners.

L. O. Todd, B. A. Hamilton, J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

WELCH, J. This is an original action wherein petitioners, Royal Mining Company (United Zinc Smelting Company) and United States Fidelity & Guaranty Company, seek to review an order and award of the State Industrial Commission whereby one F. J. Murray was awarded compensation for injuries alleged to have been sustained while in the employ of the Royal Mining Company. The claimant, F. J. Murray, and the State Industrial Commission are respondents.

The claimant, on or about the last of February, or the first of March, 1926, sustained an accidental injury to his left eye while in the employ of one of the petitioners, Royal Mining Company. Claimant filed his first notice of injury December 21, 1926. On January 12, 1927, the respondent and insurance carrier filed answer denying liability. The cause was set for hearing at Miami, Okla., on May 5, 1927, but no hearing was had on that date. The cause was again set for hearing for October 24, 1927. On November 3, 1927, the Industrial Commission entered the following order in the cause:

"Now on this the 3rd day of November, 1927, the above cause comes on to be determined pursuant to a hearing held in Miami, Okla., on October 24, 1927, at which hearing the claimant, although served with due and legal notice, did not appear. Respondent and insurance carrier were represented by Edgar Fenton.

"The Commission, after examining the records on file and being otherwise well and sufficiently advised in the premises, finds: That this cause should be dismissed for want of prosecution.

"It is therefore ordered that this cause be, and the same is hereby, dismissed for want of prosecution."

Nothing further was done in the cause either by the Commission or by any of the parties thereto until the claimant on June 6, 1932, filed the following motion:

"Motion for hearing to determine liability and extent of disability.

"Comes now the claimant above named, and states to this Hon. Commission that he received an accidental injury arising out of his employment with the respondent in 1926, as shown by the form 3 filed herein, in due time.

"Claimant states that said injury was to his left eye and that as a result thereof he has suffered the complete loss of sight of said eye. The attending physician's statement being hereto attached and made a part of said motion.

"Claimant further states that said case was set for hearing at Miami, Okla., on the 12th day of May, 1927, and this claimant appeared with his witnesses, and said cause was continued until the next docket. Claimant states that he was not thereafter notified of a setting and did not know that said case had been closed until recently notified by counsel.

"Claimant states that the respondent had actual notice of said injury, and refused to furnish medical treatment.

"Wherefore, claimant prays that this cause be reopened on the next docket to be held at Miami, Okla., that he be notified, and his rights adjudicated herein."

"L. O. Todd, Atty. for Claimant, 318 Court Arcade Bldg., Tulsa, Okla.

"Dated this 4th day of June, 1932."

After the filing of this motion the Commission conducted a hearing, receiving the testimony of various witnesses, at the conclusion of which hearing the Commission, on January 12, 1933, entered its order and award finding that claimant was injured as above set out, resulting in the total permanent loss of vision of the right eye, and awarding claimant $18 per week for 100 weeks. The Commission also found as a fact "that respondent had actual notice of the injury and is not prejudiced by any failure on the part of the claimant to give the written notice within the 30 day period." It is this order and award of January 12, 1933, which is sought to be reviewed herein.

Petitioners contend that, inasmuch as the claim herein had been dismissed by the Commission on November 3, 1927, claimant could not refile the same or file a new claim as late as June 6, 1932, by reason of the inhibition contained in section 13367, O. S. 1931, which provides as follows:

"The right to claim compensation under this act shall be forever barred unless, within one year after the injury, a claim for compensation thereunder shall be filed with the Commission."

And in support of this contention they cite Oklahoma Pipe Line Co. v. Farrell, 160 Okla. 58, 15 P. (2d) 599, wherein it is held:

"Where claimant files a claim for compensation before the Industrial Commission and his claim is dismissed for want of prosecution, and claim is thereafter refiled more than one year after the injury, held, the claim is barred under provisions of section 7301, C. O. S. 1921."

And they call our attention to the following language of the court therein:

"When the claim was dismissed without prejudice, it disposed of the entire matter then pending before the Commission. The case then stood as though no claim had ever been filed. Claimant had a right, as a matter of law, to refile his claim at any time within a year after the injury occurred. Not having done so, his claim is barred."

The respondent in this case maintains that his motion to reopen the cause cannot be construed to be a refiling of the claim, nor the filing of a new claim. The action taken by the claimant herein is clearly an effort on the part of claimant to have his original claim adjudicated, and the same was not a refiling of the claim, nor was it the filing of a new claim.

It is contended that if the action taken was the refiling of the claim or filing of a new claim, this case is controlled by the opinion in Oklahoma Pipe Line Co. v. Farrell, supra. It is contended, further, that if such action is not construed as the refiling of the claim, or the filing of a new claim, the claimant may not have the cause reopened by reason of the fact that he has failed to show a change of condition since the order of dismissal of November 3, 1927, and in this connection our attention has been called to Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115, wherein he held as follows:

"When sections 7296, 7297, and 7325, C. O. S. 1921, are considered together, it must be held that it was the legislative intent that the Commission have a continuing power and jurisdiction to review its award on the ground of a change in conditions only, and, except for a change in conditions, the award is final and conclusive upon all questions within its jurisdiction unless suit is commenced in this court within 30 days to review the award or decision."

See, also, Olentine v. Calloway, 147 Okla. 137, 295 P. 608, and the following case to the same general effect; Patterson Steel Co. v. Bailey, 148 Okla. 153, 298 P. 282.

The cited cases are not applicable herein, for the reason that they apply only to cases wherein the State Industrial Commission has entered an order or award which has become final, and which it is authorized under the law to make.

We have examined section 13360, O. S. 1931, which deals with the power, authority, and the duties of the State Industrial Commission in the handling and disposing of claims filed with it under the Workmen's Compensation Law, and have reached the conclusion that the State Industrial Commission has no power and authority of law to dismiss a claim for want of prosecution. The last-quoted section provides in part as follows:

"* * * The Commission shall make, or cause to be made, such investigation as it deems necessary, and upon application of either party shall order a hearing, and as soon as practicable, after a claim for compensation is submitted under this section, or such hearing closed, shall make or deny

an award determining such claim for compensation, and file the same in the office of the Commission, together with the statement of its conclusion of fact and rulings of law. * * *"

An examination of this particular section of the statute, and the Workmen's Compensation Law as a whole, leads us to the conclusion that when a claim is filed with the State Industrial Commission, it has a clear and distinct statutory duty to perform. The law appears positive in its terms, as it provides that the Commission shall make investigations and may order and conduct hearings, and shall make or deny an award determining such claim for compensation. We think the law clearly commands the State Industrial Commission to dispose of all claims after an investigation and upon the merits, and although the law gives the Commission authority to conduct hearings and take evidence, we do not think it was ever intended that a claim be disposed of for want of prosecution. The filing of the claim itself is a sufficient prosecution of the same to require the Commission to perform its duties under the law and pass upon the claim on its merits.

In Oklahoma Pipe Line Co. v. Farrell supra, it is apparent that more than a year after dismissal, a claim was refiled and was so considered by the court. The claimant in that case apparently abandoned his original claim, and the decision and award therein related to a new claim, which was filed more than a year after the date of the injury, and under those circumstances the conclusion of the court reached therein is correct, but that decision does not support the contentions of petitioners here, for the reasons heretofore pointed out.

In Marland Refining Co. v. Bivins, 135 Okla. 14, 273 P. 212, we held:

"An award or decision which may be reviewed under the provisions of section 7297, C. O. S. 1921, as amended, is a final award or decision provided for in section 7294, C. O. S. 1921."

The court therein quotes the following portion of section 7297, C O. S. 1921 [O. S. 1931, sec. 13363], as follows:

" 'The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected. an action is commenced in the Supreme Court of the state to review such award or decision. * * *'

"An award or decision under the above statute is the award or decision provided for in section 7294, C. O. S. 1921, which shall be made after a necessary investigation or hearing as in said section provided."

The section referred to in said decision as 7294, C. O. S. 1921, as regards this discussion, is substantially the same as section 13360, O. S. 1931, supra, which we have herein construed. In the last-cited case the court pointed out that such orders of the Commission as are not provided for in said section of the law are not reviewable orders, and did not become final as contemplated in section 7297, C. O. S. 1921 [O. S. 1931, sec. 13363]. The order of dismissal for want of prosecution herein is such an order. Such orders as are made by the State Industrial Commission which are outside of their jurisdiction and authority and are void upon their face, do not become final and binding upon the parties. Union Indemnity Co. v. Saling, decided September 19, 1933, 166 Okla. 133, 26 P. (2d) 217.

The Industrial Commission never having made a final order making or denying an award herein on the merits of the claim, and the original claim having been filed within the time provided by law and remaining undisposed of, it was unnecessary that claimant make a showing of a changed condition, and the Industrial Commission had full power and authority of law to proceed to a hearing, investigation, and determination of the same on the merits.

Petitioners also urge that there is no competent evidence that the employer had actual notice of said injury within 30 days thereafter, and that there is no competent evidence that the employer was not prejudiced by any failure on the part of the claimant to give the written notice within the 30-day period.

We think there is competent evidence to sustain the Commission's finding that the employer had actual notice of the injury within two or three days after it occurred, and that the failure of claimant to give the written notice did not prejudice the rights of the employer, and that such failure to give the written notice is excused in this case.

In Okla. Gas & Electric Co. v. Thomas, 115 Okla. 67, 241 P. 820, it is held:

"The decision of the Industrial Commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which any finding of fact is based.

"In an action to enforce compensation for

an injury to an employee under the Workmen's Compensation Act, where it appears that no written notice of the injury was given, as required by section 7292, C. O. S. 1921, a want of prejudice to the employer by reason of a failure to give the written notice sufficiently appears, where it is shown that the employer had actual notice of such injury soon after it occurred, and, with full knowledge of the injury, omitted to administer any relief; and, where the employee makes proof of such actual notice of his injury, the burden of proof then shifts to the employer to show that, in spite of such actual notice, he is still prejudiced by the failure to give the written notice."

In Graver Corp. v. State Ind. Com., 114 Okla. 140, 244 P. 438, we held:

"Where it appears that no written notice of the injury was given by the employee, as required by section 7292, Comp. Stat. 1921, but the employer had actual notice of such injury immediately after it occurred, held, such failure to give the statutory notice is not a bar to the claimant, in the absence of proof by the employer that he was prejudiced thereby, notwithstanding such actual notice."

In Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 P. 1100, this court said:

"The statute recognizes that, where a claim is to be met, timely notice should be given in order that the employer may investigate the validity of the claim, but also provides that such failure to notify shall not bar claimant if he can affirmatively show that no prejudice has resulted from such failure. In the event claimant could show that the employer in fact had actual notice within the time and did in fact make an investigation or had all opportunity to do so, this would certainly show no prejudice."

The above language of the court is quoted with approval in Turner v. Earl W. Baker & Co., 153 Okla. 28, 4 P. (2d) 739.

The testimony herein discloses that claimant continued to work for the employer some two weeks after the injury; that the ground boss talked with him about his eye about the next day after the injury and discussed it with others of the employees; his eye was blackened from the injury and the eyeball was red and inflamed. This condition was also discussed by two or more of the foremen at the mine where the injury occurred. Another employee talked with the boss about claimant's eye injury within two or three days after the accident. The persons in charge of the employer's mine had ample opportunity to investigate the details of the accident and injury and to furnish medical attention. It would be reasonable to conclude from the testimony that they were conducting an investigation when they were making inquiries concerning the condition of claimant's eye.

The evidence clearly brings this case within the rule many times followed by this court as to sufficiency of knowledge of the foreman in charge of the work to excuse failure to give formal notice, and the finding by the Commission that the employer was not prejudiced is supported by the evidence.

Having concluded that there is no error in the action of the State Industrial Commission in making the award herein, the same is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY, C. J., and OSBORN, BAYLESS, and BUSBY, JJ., absent.