### McCALLUM & FORBER et al. v. OWENS et al.

No. 28829.   Dec. 13, 1938.

Rolland O. Wilson, for petitioners.

Wimbish & Wimbish and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The parties will be referred to as they appear in the Supreme Court. The State Industrial Commission commenced a hearing to determine liability under the Workmen's Compensation Law after notice duly filed on the 19th day of April, 1938, by G. B. Owens. The cause was set for hearing and evidence taken on the 29th day of July, 1938, and on the 30th day of July, 1938, the State Industrial Commission issued its order overruling demurrer to the evidence introduced and set the cause for further hearing on the Ada docket.

The petitioner attempts to review this order. We are of the opinion, and hold, that such order is purely interlocutory and is not an order which makes or denies an award under the provisions of section 13363, O. S. 1931, 85 Okla. St. Ann. sec. 29. Royal Mining Co. v. Murray, 167 Okla. 460, 30 P.2d 185; Marland Refining Co. v. Bivins, 135 Okla. 14, 273 P. 212. Section 13363, supra, provides that the aggrieved party may begin a proceeding to review the order of the State Industrial Commission, which has become final, within 30 days after notice is sent to the parties. Before it can be reviewed, the order must be one which makes or denies an award or otherwise constituting a final determination of the rights of the parties upon a final hearing, and until such final hearing is had, neither party has the right to commence a proceeding in this court to review the order or award; and after the final order has been made, either party may commence a proceeding under the terms of the statute above referred to, at which time they may review all of the rulings made by the commission during said proceeding by petition in this court.

We think it plain from the record that no final order was made in the case at bar, and the proceeding is dismissed. The dismissal of this proceeding shall in no way prejudice the right of either party to present any error occurring during the hearing of the cause in the State Industrial Commission.

Dismissed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, and DAVISON, JJ., concur.