McALESTER FUEL CO. et al. v. KELLEY et al.

No. 32545. May 13, 1947.

*180 P. 2d 829.*

Crouch, Rhodes & Crowe, of Oklahoma City, for petitioners.

Claude Briggs, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This matter was commenced in the State Industrial Commission April 20, 1943, when Henry Kelley, hereinafter called respondent, filed his first notice of injury and claim for compensation stating that on or about April 1, 1943, he sustained an accidental injury arising out of and in the course of his employment with the McAlester Fuel Company. Subsequent to the filing of the claim an order was entered by the State Industrial Commission under date of November 5, 1943, denying an award by finding the evidence insufficient to show that respondent sustained an accidental injury resulting in a hernia or other disability. This order provided as follows:

"That the evidence is insufficient to show that claimant sustained an accidental personal injury; resulting in hernia, while in the employ of the respondent, McAlester Fuel Company on or about April 1, 1943."

On July 17, 1944, respondent filed an application to reopen on a change of condition. On July 16, 1945, the State Industrial Commission entered an order finding, in effect, that respondent's application filed July 17, 1944, should be treated as a motion to determine the disability resulting from the former accidental injury and set the case for further proceedings. Thereupon the petitioners objected to the jurisdiction of the State Industrial Commission to proceed further and attempt to review the order of July 16, 1945, prior to determination of the cause on the merits.

A motion to dismiss has been filed for the reason that the case is still pending in the State Industrial Commission to be determined upon the merits and that until such determination there is no ground for appeal.

The motion to dismiss the proceeding must be sustained. This court has repeatedly held that under the provisions of 85 O.S. 1941 § 1 et seq., it is the duty of the State Industrial Commission to make or deny an award after hearing upon the merits. Marland Refining Co. v. Bivins, 135 Okla. 14, 273 P. 212; Royal Mining Co. v. Murray, 167 Okla. 460, 30 P. 2d 185; Nelson v. Carter Oil Co., 191 Okla. 388, 130 P. 2d 289; McCallum & Forber v. Owens, 184 Okla. 66, 85 P. 2d 411; Pure Oil Co. v. State Industrial Commission, 181 Okla. 176, 72 P. 2d 779; Kansas Explorations, Inc., v. Blaine, 195 Okla. 428, 158 P. 2d 907; Higgs v. State Industrial Commission, 197 Okla. 281, 170 P. 2d 240.

In Marland Refining Co. v. Bivins, supra, we said:

"An intermediary order made by the State Industrial Commission, which leaves the matter pending for further action, is not an order subject to review by this court before an award or decision is made as provided in section 7294, C.O.S. 1921."

In Royal Mining Co. v. Murray, supra, we said:

"When a claim for compensation under the Workmen's Compensation Law (St. 1931, sec. 13348 et seq.) is filed with the State Industrial Commission, it becomes the mandatory duty of such commission to make or deny an

award determining such claim, and the same may be disposed of only upon some evidence or showing involving the merits thereof."

The fact situation is almost identical with that in Nelson v. Carter Oil Co., supra. Instead of overruling the objection to the jurisdiction therein the State Industrial Commission held that it was without jurisdiction for the reason that the question of disability had been determined in a prior proceeding. Therein we cited with approval Gardner Pet. Co. v. Poe, 166 Okla. 169, 26 P. 2d 743, holding that the State Industrial Commission was without authority to preclude the right of a claimant to a hearing on an application to reopen the case on the ground of a change of condition.

As stated in Marland Refining Co. v. Bivins, supra, the jurisdictional question will necessarily be reviewed by this court when it reviews the final order of the State Industrial Commission making or denying the award. To hold otherwise would lead to unwarranted delay and defeat the very purpose of the claim filed in the State Industrial Commission.

The proceeding is dismissed and the cause remanded to the State Industrial Commission for further proceedings not inconsistent with the views herein expressed.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, GIBSON, and ARNOLD, JJ., concur.