Homer T. DUDLEY, Petitioner,

v.

MAJOR CONSTRUCTION COMPANY, United States Fidelity and Guaranty Company and State Industrial Commission, Respondents.

No. 38590.

Supreme Court of Oklahoma.

Oct. 27, 1959.

Charles W. Wortman, Tulsa, for petitioner.

Don Dees, Rhodes, Crowe, Hieronymus & Holloway, by E. D. Hieronymus, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

Homer T. Dudley, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Paul E. Baker, doing business

as Major Construction Company, he sustained an accidental injury arising out of and in the course of his employment on August 5, 1957. The trial judge entered an award under date of December 31, 1958. This award was vacated by the Commission en banc and this proceeding is brought by the claimant against the employer and its insurance carrier, United States Fidelity and Guaranty Company, hereinafter called respondents, to review the order of the State Industrial Commission vacating the award of the trial judge.

The record discloses that claimant was putting in walls in rooms of a building. His claim is based on a back injury alleged to have been sustained when in lifting a part of a wall he fell on some material on the floor of the building. Prior to an order entered on November 5, 1958, claimant and respondents appeared for a hearing before the trial judge. Claimant announced he was not ready to try the case on permanent disability. A statement was made by counsel for claimant that the hearing was for the purpose of determining "medical." Prior to the commencement of the hearing claimant filed an application for an order to furnish medical attention. At the conclusion of the hearing the trial judge entered the following order:

"Now on this 5th day of November, 1958, this cause comes on for consideration pursuant to hearing had at Tulsa, Oklahoma, on September 11, 1958, before Judge Mildred Brooks Fitch.

"Claimant appeared in person and by his attorney Charles Wortman;

"Respondent and insurance carrier appeared by their attorney Don Dees.

"Judge Mildred Brooks Fitch having considered the evidence, records, and being fully advised in the premises, finds:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, on August 5, 1957, consisting of injury to his back, resulting in aggravation of his pre-existing arthritis.

"That at the time of said injury, claimant's wages were sufficient to fix his rate of compensation at $35.00 per week for temporary total disability and $30.00 per week for permanent disability; that as a result of said injury, claimant lost no compensable time and is entitled to no temporary total disability compensation; that he is not in need of further medical care; that he failed to give notice of his injury as required by law and is not entitled to have paid by respondent his medical bills previously incurred.

"That determination of permanent partial disability as a result of said injury should be reserved for further hearing.

"It Is Therefore Ordered that claimant's claim for medical care and temporary total disability is denied, and determination of permanent partial disability is reserved for further hearing.

"By Order of: Mildred Brooks Fitch, Judge."

Subsequent to this order the case was set down on application of claimant at which time the parties appeared and respondents objected to any further proceedings on the ground that the order of November 5, 1958, finally determined all the issues which could be presented.

The record is replete with arguments and statements as to the effect of the proceedings on which the order of November 5, 1958, was based and at the conclusion of the discussions the trial judge stated that she was vacating the order of November 5, 1958. After a further hearing the trial judge issued the order of December 31, 1958, which in substance is as follows:

"That on November 5, 1958, an order was entered herein finding that claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's

Compensation Law, on August 5, 1958, consisting of an injury to his back, resulting in aggravation of his pre-existing arthritis; that said order was intended to show the date of the accident as August 5, 1957, which is the true and correct date.

"It was further found in said order that at the time of said injury claimant's wages were sufficient to fix his rate of compensation at $35.00 per week for temporary total disability and $30.00 per week for permanent partial disability; that as a result of said injury claimant lost no compensable time and is entitled to no temporary total disability compensation; that he is not in need of further medical care; that he failed to give notice of his injury as required by law, and is not entitled to have paid by respondent or insurance carrier his medical bills previously incurred; that it was the intention of the Trial Judge to state in said finding that claimant failed to give notice of his need for medical care and was not entitled to have his medical bills paid by respondent and insurance carrier.

"That claimant failed to give written notice of his injury but respondent had actual notice and was not prejudiced by lack of written notice.

"That as a result of said injury claimant has sustained 10% permanent partial disability to his body as a whole, for which disability claimant is entitled to compensation for 50 weeks at $80.00 per week, or the total amount of $1500.00, which amount has all accrued and shall be paid in a lump sum.

"It Is, Therefore, Ordered, That within twenty days from the date of the filing hereof respondent or insurance carrier pay to claimant the sum of $1500.00, in a lump sum, less tax and attorney fee; that the sum of $30.00, which is 2% of said award herein made for permanent partial disability, be deducted therefrom and paid

to the Special Indemnity Fund, and that respondent or insurance carrier pay a like amount into said Fund; that the sum of $300.00, which is 20% of said award, be deducted from the latter end thereof, and paid to claimant's attorney, Charles Wortman, as a fair and reasonable fee herein."

Respondents appealed to the Commission en banc and upon final hearing the State Industrial Commission issued the order which is in substance as follows:

"On January 21, 1959, this cause came on for hearing on appeal to the undersigned judges, sitting en banc, from the order of the Trial Judge heretofore entered on December 31, 1958.

"After reviewing the record in this case, and being fully advised in the premises, said Judges find that said order should be vacated and denied as per order of November 5, 1958.

"It Is Therefore Ordered that the order of the Trial Judge heretofore entered in this case on December 31, 1958, be and the same hereby is vacated and denied as per order of November 5, 1958, since order had become final that claimant had failed to give statutory written notice, and this Commission is without jurisdiction to make additional finding."

The sole issue presented is the error of the State Industrial Commission en banc in vacating the award of December 31, 1958, for the assigned reason that it had no jurisdiction to determine any further issue after the order of November 5, 1958.

■ A proceeding of the State Industrial Commission is not final until there has been a complete hearing and an order entered making or denying an award. Mc-Callum & Forber v. Owens, 184 Okl. 66, 85 P.2d 411; Royal Mining Co. v. Murray, 167 Okl. 460, 30 P.2d 185; Marland Refining Co. v. Bivins, 135 Okl. 14, 273 P. 212.

In Board of Com'rs of Oklahoma County v. State Industrial Commission, 177 Okl. 645, 61 P.2d 730, 732, it is stated:

"* * * We next find that the Commission may make an order which is interlocutory in its nature which neither makes nor denies an award so to speak, but merely takes into consideration the immediate condition of the parties, makes a temporary provision and leaves for further consideration the matter of making or denying an award for the alleged disability and which does not require a showing of change of condition authorizing such award. As examples of this type of case may be cited the case of Rock Island Improvement Co. v. Sammons, 167 Okl. 398, 29 P.2d 945, and the cases therein cited. * * *"

We think the order of November 5, 1958, was not such an order as finally disposed of the case, and it only determined perhaps temporary disability and certain medical expenses. There was no final disposition of the case and the trial judge reserved the question of permanent disability. The award of December 31, 1958, was made after an opportunity for a full and complete hearing. It was an award made within the jurisdiction of the State Industrial Commission as provided by 85 O.S.1951 § 1 et seq.

Respondents cite Nash v. Douglas Aircraft Co., Inc., 202 Okl. 459, 214 P.2d 919. That case holds that a prior order which determined that a disability to the back was not due to an accidental injury was final and that an application for a change of condition could not be sustained. It is readily distinguishable from the case we are now considering. The order held to be final in that case denied an award and did not reserve the question of permanent disability. The other cases cited by respondents have been examined and we find nothing therein which precludes the right to enter the award of December 31, 1958.

Claimant asks that the award of December 31, 1958, be re-instated as final. We cannot do this. It can only be re-instated with the full right of the State Industrial Commission en banc to review it as provided by 85 O.S.1951 § 1 et seq.

The order of the Commission en banc vacating the award of December 31, 1958, is vacated with directions to proceed in accordance with the views herein expressed.

DAVISON, C. J., and JOHNSON, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.