Dorothy M. JOHNSON, Petitioner,

v.

L & S BEARING COMPANY, Royal Indemnity Insurance Company and the State Industrial Court of the State of Oklahoma, Respondents.

No. 42729.

Supreme Court of Oklahoma.

Jan. 14, 1969.

Ben N. Hatcher, Robert Lake Grove, Oklahoma City, for petitioner.

Rhodes, Hieronymus, Holloway & Wilson, by William H. Wilson, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

WILLIAMS, Justice.

Parties will be referred to here as they appeared before the State Industrial Court.

Claimant sustained injuries while employed by the respondent on May 17, 1967. The employment at a hazardous occupation, the occurrence of the accident and the compensation rate of $40.00 per week are admitted. Claimant was furnished medical treatment by respondent and was paid temporary total compensation for a period of three weeks or $120.00.

A hearing was held on June 28, 1967, on the application of the claimant for the payment of additional temporary compensation and the furnishing of additional medical treatment. The trial judge sent claimant to a medical doctor chosen by the trial

judge for examination and report. Thereafter, the trial judge on August 1, 1967, entered an order denying additional temporary compensation and medical treatment and reserved for future consideration the question of permanent disability. Claimant prosecuted no appeal to the State Industrial Court sitting en banc as authorized by 85 O.S.1961, § 77(9) nor original action direct to the Supreme Court as authorized by 85 O.S.1968 Supp. § 29, seeking a review of the August 1, 1967, order. That order is therefore final and cannot be reviewed in the present appeal from the order of the State Industrial Court of October 3, 1967, adopting and affirming the order of the trial judge entered on September 6, 1967, denying permanent compensation and again denying additional temporary compensation. 85 O.S. 1968 Supp. § 29, supra. Kelley v. Bryan, Okl., 361 P.2d 1080.

A hearing was held on August 30, 1967, for the purpose of determining the extent, if any, of claimant's permanent partial disability.

The medical report of Dr. Fa. was submitted in evidence by the claimant. Dr. Fa. found the claimant to have "20% permanent partial disability and possibly more to her body as a whole" and the possible necessity of a surgical operation to her knee.

Respondent submitted in evidence the written reports of Dr. M. and Dr. Fr. Dr. M., in his report, states:

"I feel this lady, if she had any injury, has recovered from it. She has no objective findings to account for her minimal complaints. It is my opinion no treatment is indicated and her temporary total disability has ended. I feel she has no permanent partial disability to any portion of her body for the performance of ordinary manual labor due to the accident of 5–17–67."

In his written report, Dr. Fr. states:

"This patient's complaints are purely subjective and are not confirmed by objective findings of injury or traumatic pathology. The patient is requesting narcotics for the control of pain. She was advised that in my opinion, she did not need this type of medication. It is my opinion that treatment is not indicated or needed. It is my opinion that this patient is capable of performing ordinary manual labor and that she has no permanent disability for the performance of ordinary manual labor as a result of the above stated accident."

As above indicated, before making the order of August 1, 1967, the trial judge on July 5, 1967, had entered an order directing the claimant to submit to a physical examination by Dr. G. Dr. G. in his written report filed on July 17, 1967, states:

"It is my opinion that this lady has recovered completely from whatever injury she may have sustained on 5–17–67 and as no permanent disability therefrom."

The order of the State Industrial Court of October 3, 1967, affirming the decision of the trial judge of September 6, 1967, is sustained by reasonable, competent medical evidence. We have held in many cases that where the order of the State Industrial Court is supported by reasonable, competent medical evidence although conflicting it will not be disturbed by this court on appeal.

In Lee Way Motor Freight, Inc. v. Highfill, Okl., 429 P.2d 745 we said:

"Both parties introduced the testimony of competent medical experts on this subject. The trial court resolved this issue in favor of the claimant and the award entered is supported by competent medical evidence. It is not the province of this court to weigh the evidence to determine where the preponderance lies. The trial tribunal is the sole and ultimate arbiter for determining the credibility of medical witnesses and the weight to be accorded to their testimony. * * *"

The order of the State Industrial Court is sustained.

All Justices concur.