Sammy J. TONEY, Petitioner,

v.

PARKER DRILLING COMPANY, Employers National Insurance Corporation, and the Workers' Compensation Court, Respondents.

No. 56280.

Supreme Court of Oklahoma.

Feb. 9, 1982.

Jamie Pitts, Manners, Cathcart & Lawter, Oklahoma City, for petitioner.

John N. MacKenzie and Richard G. Mason, Foliart, Mills & Niemeyer, Oklahoma City, for respondents.

OPALA, Justice:

The primary issue on certiorari is whether the Court of Appeals erred when it dismissed this case upon concluding that denial of temporary total disability presents interlocutory judicial action of the Workers' Compensation Court which is not reviewable under the provisions of 85 O.S.Supp.1977 § 3.6 B. We hold that this proceeding is prosecuted from a reviewable decision and should hence be reinstated.

 Reviewability of judicial decisions in a compensation case is measured by statutory criteria quite different from those applicable to judgments or orders of the district court. Generally, a reviewable compensation decision is one which "makes or denies an award" or otherwise constitutes "a final determination of the rights of the parties".[1] It is not critical to reviewability that the allowance or denial of an award put an end to the litigation. Every order granting or refusing compensation—no matter how far removed from the ultimate termination of the claim—is reviewable if failure to appeal from it, or to seek review of it, will make the decision impervious to reconsideration and hence "final".[2] In this context finality does not mean a quality of being terminal. Rather, it describes an at-tribute of being no longer within the reach of the trial tribunal's power to re-examine.

 The unmistakable terms of the Workers' Compensation Law command in 85 O.S.Supp.1977 § 26—as well as in *all* the versions of that section in force before the last amendment in 1977—that the trial judge "make or deny an award".[3] Ever since the original enactment of that section, its last sentence has made *any* decision so reached final *unless* appeal to the trial tribunal or review in this court be timely commenced. By so explicitly clothing with the attributes of finality *every* order allowing or denying compensation, the provisions of § 26 manifestly recognize that *all* such orders may be appealed to a three-judge panel under 85 O.S.Supp.1977 § 3.6 A or be reviewed in this court under 85 O.S.Supp. 1977 § 3.6 B.[4]

 This time-honored concept of reviewability survives intact all the sweeping legislative revisions in our compensation law which were effected by the 1977 amendments. 85 O.S.Supp.1977 §§ 1 et seq. Neither in the pertinent text of 85 O.S.Supp.1977 § 3.6—the section that replaced the provisions of 85 O.S.1971 §§ 29 and 77(9)—nor elsewhere in the amendatory act is there any language modifying the pre-1977 case law test of reviewability.

 A denial of temporary total disability—the decision tendered by this case for our corrective relief—is clearly "final". This is so because failure to appeal from it, or to have it reviewed, makes that decision "binding and conclusive" upon the parties.[5]

 There was clearly error in the dismissal of this proceeding.

---

**1.** *McCallum & Forber v. Owens,* 184 Okl. 66, 85 P.2d 411 [1938]; *Reid v. Phillips Petroleum Co.,* Okl., 531 P.2d 340, 341 [1975].

**2.** *Marland Refining Co. v. Bivins,* 135 Okl. 14, 273 P. 212, 213 [1928]; *Royal Mining Co. v. Murray,* 167 Okl. 460, 30 P.2d 185, 187 [1934]; *Hughes Motor Co. v. Warner,* 187 Okl. 255, 102 P.2d 594, 595 [1940].

**3.** In pertinent part § 26 provides that "... [t]he Court ... *shall make or deny an award*

*determining such claim for compensation..."* [emphasis supplied].

**4.** *Marland Refining Co. v. Bivins,* supra note 2, 273 P. at 213; *Royal Mining Co. v. Murray,* supra note 2; *Hughes Motor Co. v. Warner,* supra note 2.

**5.** *Johnson v. L & S Bearing Company,* Okl., 463 P.2d 986, 988 [1969]; *Guy James Construction Co. v. Harris,* Okl., 434 P.2d 150 [1967]; *Amerada Petroleum Corporation v. White,* 179 Okl.

We have carefully reviewed the medical reports in the record and find that the trial tribunal's denial rests on competent expert evidence. The order is hence beyond our power to disturb.[6]

Opinion of the Court of Appeals vacated; proceeding for review reinstated; and trial judge's order denying compensation sustained.

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER, SIMMS and DOOLIN, JJ., concur.

---

82, 64 P.2d 660 [1937]; *Hannah v. Oklahoma State Highway Commission*, 172 Okl. 221, 45 P.2d 53 [1935]; *Hughes Motor Co. v. Thomas*, 149 Okl. 16, 299 P. 176 [1931].

**6.** *Green Country Restaurant v. Carmen*, Okl., 579 P.2d 1281 [1978].