**Mark William V. COLLIER, Petitioner,**

**v.**

**TARGET STORES, INC., Travelers Insurance Company, and Workers' Compensation Court, Respondents.**

**No. 79345.**

Court of Appeals of Oklahoma, Division No. 2.

Feb. 2, 1993.

---

Michael C. Taylor, Michael C. Taylor & Associates, Tulsa, for petitioner.

Dale F. Whitten, Whitten, Layman and MacKenzie, Tulsa, for respondents.

REIF, Vice Chief Judge.

Claimant seeks review of the three-judge panel's modification of an award of temporary total disability. The trial court had awarded temporary total disability for the entire period from Claimant's injury of September 17, 1989, through December 3, 1991, the date of the award. Temporary total disability was also ordered to continue thereafter, but not to exceed 150 weeks. Employer and Insurance Carrier appealed to the three-judge panel seeking to eliminate temporary total disability for the period of time between December 12, 1990, and July 31, 1991.

December 12, 1990, was the date that the trial judge who was originally assigned to the case granted the motion of Employer and Insurance Carrier to terminate temporary total disability payments that Employer and Insurance Carrier had been making voluntarily. July 31, 1991, was the date that the court-appointed doctor determined that Claimant was temporarily totally disabled. Employer and Insurance Carrier have argued that they were completely relieved from paying temporary total disability by the December order until Claimant's disability status was reopened and determined. The three-judge panel apparently agreed. On review, Claimant contends that the December order did not have such preclusive effect, but was more in the nature of a stay of further payments pending trial of the issue of his disability status.

The December order is not in the record. What is known about its existence, effect, and absence from the record must be gleaned from the preliminary statements of counsel to the trial judge who entered the

award. Counsel for Employer and Insurance Carrier told the trial judge that "a pretrial conference was heard before Judge Seagle and temporary total compensation was suspended ... there was not a record made ... [t]he Judge announced that temporary was suspended." Counsel for the Claimant did not dispute this account and had earlier stated to the court, "There's not an order in the file, Your Honor, ever adjudicating the issue of TTD."

■ If the December order is to have res judicata or any preclusive effect on the trial court, a three-judge panel, or an appellate court, it must meet the requirements of a final order; that is, an order granting or refusing compensation which becomes impervious to reconsideration upon the failure to appeal it. *See Toney v. Parker Drilling Co.,* 640 P.2d 1356, 1357 (Okl. 1982). However, the finality of an order in workers' compensation practice is attended by a memorialization requirement. Workers' Compensation Court Rule 31, 85 O.S. 1991, ch. 4, app., provides that the time for appeal to the three-judge panel is "ten (10) days from the date *the order* appealed [is] *filed* with the Court." (Emphasis added.) A similar provision concerning the time for seeking review by the supreme court is found in 85 O.S.1991 § 3.6(B), which provides such review to be commenced "within twenty (20) days after *a copy of such order, decision or award has been sent* by the Administrator to the parties affected." (Emphasis added.) Until a decision of the workers' compensation court is memorialized, filed and sent to the parties, it remains interlocutory and subject to modification by the trial court wherein it was entered.

■ We hold that the trial judge was not bound nor precluded by the December 12, 1990, "announced" order of his predecessor, but was free to determine the period of Claimant's temporary total disability, including the disputed period between December 12, 1990, and July 31, 1991. The three-judge panel's modification of the award to eliminate temporary total disability between December 12, 1990, and July 31, 1991, has no foundation in the record and is erroneous as a matter of law. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984). The three-judge panel's order is vacated and this cause is remanded with directions to reinstate the award of the trial court.

RAPP, P.J., and BRIGHTMIRE, J., concur.