2000 OK 9

**FOSTER'S FLORIST and Mega Life & Health Insurance, Petitioners,**

v.

**Samuel E. JACKSON and the Workers' Compensation Court, Respondents.**

No. 91,004.

Supreme Court of Oklahoma.

Feb. 8, 2000.

Kimberly E. West, Andrew D. Downing, Tulsa, Oklahoma, for petitioners.

Mark D. Nation, Midwest City, Oklahoma, for respondents.

BOUDREAU, Justice:

¶ 1 Three issues are presented on certiorari: (1) Are alleged errors in a previous non-reviewable, intermediate, fact-substituting panel order of the Workers' Compensation Court subject to corrective review in this review proceeding; (2) If so, did claimant's request for review to the three-judge panel contain a specific statement of the finding of fact that he urged as error; and (3) If so, was the fact-substituting panel order supported by competent evidence?

¶ 2 We hold that the alleged errors in the intermediate panel order are within the scope of review in this review proceeding because the panel order culminated in the order under review and the employer sought review of the alleged errors in the panel order at the next disposition in the case reviewable in the appellate courts. We determine that claimant's request for review to the three-judge panel contained a specific statement of the finding of fact alleged to be erroneous which provided a basis for the panel to exercise its corrective authority over the trial judge's findings of fact. We further determine that the intermediate, fact-substituting panel order that culminated in claimant's temporary compensation award is supported by competent evidence. The proceedings in the Workers' Compensation Court were free of legal error and hence, we sustain the compensation award under review.

## I.

### FACTS AND PROCEDURE

¶ 3 Samuel Jackson (claimant) was employed by Foster's Florist (employer) for seventeen years. His duties included delivery of flowers and supervision of other drivers. On December 22, 1995, claimant was delivering poinsettias for employer when he suffered an aorta aneurysm and acute thoracic dissection. As a result, claimant suffered injuries, including paralysis and renal failure. On May 22, 1996, claimant filed a workers' compensation claim, alleging that the stress of his employment was a cause of his injuries. Employer responded that claimant's injuries were not work-related, alleging the injuries resulted from a pre-existing condition. Upon trial for temporary compensation, the judge entered an order on March 26, 1997, which found that claimant

did not sustain an accidental personal injury arising out of and in the course of employment and denied the claim.

¶ 4 Claimant timely requested review by a three-judge panel. By order entered on August 18, 1997, the panel determined that the trial judge's factual finding was against the clear weight of the evidence, vacated the trial judge's order, and entered substituted factual findings, including the ultimate fact that claimant sustained an accidental injury arising out of and in the course of his employment at respondent. Employer filed a petition for review in this Court, which was dismissed for lack of a reviewable order.[1]

¶ 5 Upon remand to the trial judge, an order was entered on February 23, 1998, awarding claimant temporary compensation. Employer timely commenced this review proceeding from the February 23, 1998 temporary compensation award, raising error in the August 18, 1997 panel order. Employer contended that claimant presented no error to the panel that was legally sufficient to support vacation of the trial judge's order denying the claim. The Court of Civil Appeals agreed, reversed the panel order and reinstated the trial judge's March 26, 1997 order denying the claim. This Court granted claimant's petition for certiorari review.

## II.

## THE SCOPE OF APPELLATE-COURT REVIEW IN THIS PROCEEDING EXTENDS TO ALLEGED ERRORS IN THE INTERMEDIATE PANEL ORDER OF THE WORKERS' COMPENSATION COURT.

¶ 6 On certiorari, claimant contends that the Court of Civil Appeals vacated a three-judge panel order that was beyond the corrective reach of its appellate jurisdiction. Claimant argues that the scope of review of the Court of Civil Appeals was confined to correcting errors in the trial judge's February 23, 1998 order awarding temporary compensation. In making this argument, claimant relies on a statement in *Parks v. Norman Municipal Hospital* that "there is never more than one final decision to be reviewed in the appellate courts."[2]

¶ 7 Claimant interprets *Parks* as immunizing non-reviewable panel orders from appellate-court review. This contention presents a question of law reviewable by a *de novo* standard.[3] In considering whether the Court of Civil Appeals exceeded its review authority, this Court's re-examination of the rulings of the lower appellate court is plenary, independent and non-deferential.

¶ 8 The panel order of August 18, 1997, vacated the trial judge's terminal order of March 26, 1997, denying the claim. In lieu thereof, the panel order entered findings of fact that 1) claimant sustained an accidental injury arising out of and in the course of his employment, and 2) claimant suffered a dissecting thoracic aortic aneurysm caused by work-related stress in excess of that experienced by a person in the conduct of everyday living, which aggravated claimant's pre-existing condition.[4] Because it neither made an award to claimant nor otherwise determined the rights of the parties, the panel order did not have the requisite attributes of finality essential to invoking appellate-court jurisdic-

1. In the order filed October 20, 1997, dismissing the review proceeding numbered 90,012, this Court determined that the fact-substituting panel order was not reviewable under *Hermetics Switch, Inc. v. Sales*, 1982 OK 12, 640 P.2d 963, and *Toney v. Parker Drilling Co.*, 1982 OK 17, 640 P.2d 1356.

2. 1984 OK 53, ¶ 11, 684 P.2d 548, 551.

3. *Neil Acquisition v. Wingrod Investment Corporation*, 1996 OK 125, ¶ 5, 932 P.2d 1100, 1103, and *Kluver v. Weatherford Hospital Authority*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084.

4. The body of the panel order filed August 18, 1997, reads:

> On June 19, 1997, this cause came on for hearing before the undersigned Judges, sitting as a panel, on appeal from the order of the Trial Judge heretofore entered on MARCH 26, 1997.
>
> After reviewing the record in this case, and being fully informed in the premises, said Judges find that the order entered on MARCH 26, 1977, was contrary to law AND against the clear weight of the evidence and said order is hereby VACATED AND THE FOLLOWING IS ENTERED IN LIEU THEREOF.

tion.[5] Accordingly, the panel order was an intermediate order from which a review proceeding could not be commenced.[6]

¶ 9 Claimant argues that *Parks* immunizes this intermediate panel order from appellate-court review. We disagree.[7] *Parks* teaches that appellate-court review of a workers' compensation court order is an exercise of appellate jurisdiction.[8] In exercising that jurisdiction, this Court may correct error committed in the course of a worker's compensation proceeding that is incidental to, or culminates in, a reviewable decision.[9] In dismissing workers' compensation review proceedings, this Court has long recognized that errors in intermediate panel orders are within the scope of appellate-court review.[10]

¶ 10 However, to obtain corrective relief of error in an intermediate panel order, the aggrieved party must seek appellate-court review at the first available opportuni-

ty, that is, from the next disposition in the case which is reviewable by law.[11] An aggrieved party who fails to complain of error in an intermediate panel order at the next available opportunity allows the decision to become impervious to reconsideration.[12] No longer fit for reconsideration, the intermediate panel order then becomes the settled law of the case.[13]

¶ 11 Applying these principles to the case in controversy, it is apparent that the non-reviewable, intermediate panel order from which employer seeks relief eventually culminated in an award in favor of claimant, when, upon remand, the trial judge entered an order awarding claimant temporary total compensation. The trial judge's finding of ultimate fact that "claimant sustained an accidental personal injury to the BODY AS A WHOLE arising out of and in the course of employment" rests squarely upon the panel-substituted findings of fact.

---

–1.–
THAT the claimant sustained an accidental injury arising out of and in the course of his employment at respondent.
–2.–
THAT claimant suffered a dissecting thoracic aortic aneurysm caused by work-related stress in excess of that experienced by a person in the conduct of everyday living, which aggravated claimant's pre-existing condition.
Upon adoption of the foregoing order on the 14th day of August, 1997, the roll was called . . .

5. *Hermetics Switch, Inc. v. Sales* and *Toney v. Parker Drilling Co.*, note 1, *supra.*

6. As noted, employer's earlier review proceeding was dismissed because the panel order was not reviewable. Note 1, *supra.*

7. The quoted *Parks* language is not applicable to the instant issue. *Parks* did not involve an intermediate panel order nor did it not consider whether an intermediate panel order is within the scope of appellate-court review. *Parks* involved a terminal panel order which denied compensation and accordingly was clearly subject to appellate-court review.

8. *Parks v. Norman Municipal Hospital*, 684 P.2d at 550–551.

9. *Hermetics Switch, Inc. v. Sales*, 640 P.2d at 965.

10. *Id.* at 966, and *McCallum & Forber v. Owens*, 1938 OK 642, 184 Okla. 66, 85 P.2d 411.

11. *Hermetics Switch, Inc. v. Sales*, 640 P.2d at 966. This is different from district court appeals where a party aggrieved by a mid-trial order appealable by right may forego the mid-stream appeal and raise the error in an appeal from the final judgment. 12 O.S.1991, §§ 990.1 and 952(a) extend appellate-court jurisdiction to the entire district court action to consider errors in the final judgment and intermediate rulings affecting the merits of the action, *Rodgers v. Higgins*, 1993 OK 45, 871 P.2d 398, 404, while 12 O.S.1991, § 952(b) authorizes appeals from certain mid-trial orders entered by the district court and expressly provides that failure to appeal does not preclude an aggrieved party from asserting error in the mid-trial order in an appeal from the final order or judgment.

12. *Toney v. Parker Drilling Co.*, 640 P.2d at 1357, explained that, under §§ 3.6 and 26, any order of the workers' compensation court which makes or denies an award or otherwise determines the rights of the parties is clothed with the attributes of finality and subject to appellate-court review and upon failure to appeal becomes binding and conclusive. Although §§ 3.6 and 26 have been amended numerous times since the *Toney* opinion was handed down, the pertinent provisions remain the same in the most recent version at 85 O.S.Supp.1999, §§ 3.6 and 26.

13. *Red Rock Mental Health v. Roberts*, 1996 OK 117, ¶ 7, 940 P.2d 486, 489.

¶ 12 It is equally clear that employer sought appellate-court review at the first available opportunity. Employer commenced this review proceeding from the February 23, 1998 order of the trial judge which was the next reviewable disposition entered in the claim subsequent to the non-reviewable, intermediate panel order.

¶ 13 Accordingly, we conclude that the alleged errors in the non-reviewable, intermediate panel order in this cause are within the scope of review in this review proceeding because the panel order culminated in the order under review and employer sought review of the alleged errors in the panel order at the next disposition in the Workers' Compensation Court reviewable in the appellate courts.

## III.

### CLAIMANT'S REQUEST FOR REVIEW TO THE THREE–JUDGE PANEL CONTAINED A SPECIFIC STATEMENT OF THE FINDING OF FACT URGED AS ERROR.

¶ 14 In its brief in chief and on certiorari, employer argues generally that claimant presented no legal grounds in his request for review to the three-judge panel upon which the panel could vacate the trial judge's decision. Specifically, employer argues that claimant failed to tender an issue of fact to the three-judge panel that would trigger the *Parks'* "any competent evidence" standard of review. We disagree.

██ ¶ 15 The appellate record reveals that claimant timely requested panel review of the trial judge's order denying the claim. Claimant's Request for Review alleged error by the trial judge in finding that claimant did not sustain an accidental personal injury arising out of and in the course of his employment. Claimant's Request for Review complied with the requirements of the rules of the compensation court.[14] In his written brief accompanying his Request for Review and in his oral argument to the panel, claimant presented several propositions relating to the evidence before the trial judge. The substance of claimant's request and arguments to the panel was that the trial judge's finding of fact was against the clear weight of the evidence. This is reflected by the panel order's express determination that the trial judge's order was against the clear weight of the evidence.[15] We find no merit to employer's contention that claimant failed to tender an issue of fact to the three-judge panel with the necessary specificity.

## IV.

### THE FACT–SUBSTITUTING PANEL ORDER IS SUPPORTED BY COMPETENT EVIDENCE.

[8] ¶ 16 *Parks* clarified the law relating to the standard of review to be applied when corrective review is sought in the appellate courts from a three-judge panel order altering the factual findings of the trial judge.[16] *Parks* established that "[w]hen panel-substituted findings of fact are under review in the appellate courts, the corrective process is confined to issues of law and hence governed by the any-competent-evidence test." [17] Our review of the fact-substituting panel order herein is governed by the any-competent-evidence standard.

██ ¶ 17 Claimant, undisputedly, suffered an aortic aneurysm while on the job and in the course of employment. Claimant admit-

---

14. En banc or panel review is obtained by filing a Request for Review. Workers' Compensation Court Rules, Rule 31(A), 85 O.S.Supp.1996, ch. 4, app. Whether injury arises out of and in the course of employment is a question of fact. *American Management Sys. v. Burns*, 1995 OK 58, 903 P.2d 288. For panel review of a fact question, a party is required to include a specific statement of the finding of fact urged as error. A general allegation that the trial judge's decision is against the clear weight of the evidence will not be accepted. Workers' Compensation Court Rules, Rule 31(A)(3), 85 O.S.Supp.1996, ch. 4, app.

15. *Parks v. Norman Municipal Hospital*, 684 P.2d at 552, a fact-substituting panel order is facially defective unless it includes a finding that the trial judge's findings were against the clear weight of the evidence.

16. *Id.* at 549.

17. *Id.* at 552.

ted a pre-existing hypertension condition, which employer asserted to be the cause of the injuries. Claimant asserted that a risk connected with the conditions of employment, the stress of his work in excess of that experienced by a person in the conduct of everyday living, caused his injuries. The initial trial judge order made no specific factual findings underlying the general finding of ultimate fact that claimant did not sustain an accidental injury arising out of and in the course of his employment. The fact-substituting panel order found "... that the claimant sustained an accidental injury arising out of and in the course of his employment, and that claimant suffered a dissecting aortic aneurysm caused by work-related stress in excess of that experienced by a person in the conduct of everyday living, which aggravated claimant's pre-existing condition." We have carefully reviewed the record before us and find competent evidence to support the panel-substituted finding of causation.[18]

¶ 18 The evidence presented to the trial judge includes an independent medical examination (IME) on the causation issue, medical evidence from three other physicians, and testimony of the claimant and a medical expert.[19] The IME reported a strong opinion that claimant's injuries resulted from a work-related event. Both the cardiac specialist and treating physician assessed a causal connection between claimant's injuries and the increased stress of his employment.[20] Claimant testified regarding the increased stress during the Christmas season due to increased workload and work hours.[21] Employer's medical experts, however, assessed the cause of claimant's injuries to be pre-existing conditions and not related to his employment.[22]

¶ 19 The claimant and the employer both presented competent evidence to support their respective views of causation. However, an appellate court will not disturb a fact-substituting panel order that has the statutorily-mandated determination that the trial judge's finding was "against the clear weight of the evidence," where, as in this cause, the record contains ample competent evidence to support the panel's findings.[23]

18. Claimant had the duty to present competent evidence to show a reasonable connection between his injuries and the conditions of employment, which could be employment-related stress in excess of that experienced by a person in the conduct of everyday living. 85 O.S.Supp.1992, § 3(7)(a) and (b). Although not applicable herein, we note recent amendments to the definition of injury, 85 O.S.Supp.1997, § 3(10)(a) and (b).

19. Over competency and probative value objections, all the tendered medical evidence was admitted into the record. Errors in these rulings are not urged in this review proceeding.

20. In a letter, the cardiac surgeon submitted his medical opinion that the stress of claimant's work aggravated his hypertension and was a contributing factor to the aortic thoracic dissection. In a report prepared under AMA Guidelines, claimant's treating physician assessed the cause of injury as severe aggravation brought on by stress on the job which elevated his blood pressure above usual levels and contributed to the abdominal and thoracic aorta dissection and resulted in claimant's paralysis.

21. Claimant testified that he worked for Foster's Florist for nearly two decades; he had supervisory and delivery duties; he normally worked fifty-hour weeks, but during the Christmas season he worked eighty-hour weeks; on the morning of December 22, 1995, he was delivering poinsettias to the Oklahoma City Golf and Country Club which required him to carry the flowers up a 25-step flight; he had very little sleep due to the long hours and was exhausted and stressed by the holiday rush; and, he collapsed during the early morning delivery job on December 22, 1995.

22. One of employer's experts prepared a report under AMA Guidelines wherein he assessed the cause of claimant's injuries to be pre-existing hypertension and not work-related, stating that: at the time of the injuries claimant was performing his normal duties which did not cause, exacerbate or otherwise aggravate his hypertension and did not lead to his dissection; the primary cause for the dissection is the cystic medial degeneration; and, the tearing effect that leads to dissection frequently is associated with marked elevation of the blood pressure which may be a secondary event rather than a causative event. Employer's other medical expert testified that claimant's injuries were the direct result of two risk factors, long-standing hypertension and cystic medial degeneration which is the pathological disease process of the aorta itself which results in altered integrity of the aorta.

23. A panel decision is not vulnerable to appellate vacation where it is supported by competent evidence. *Owings v. Pool Well Serv.*, 1992 OK 159, 843 P.2d 380. Accord, *Lanman v. Oklahoma County Sheriff's Office*, 1998 OK 37, 958 P.2d 795.

Accordingly, the trial judge's award of temporary benefits based upon the panel-substituted findings of fact must be sustained.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS, DIVISION I, VACATED; ORDER OF THE WORKERS' COMPENSATION COURT AWARDING TEMPORARY DISABILITY BENEFITS SUSTAINED.**

¶ 20 SUMMERS, C.J., HARGRAVE, V.C.J, and HODGES, LAVENDER, OPALA, WATT, and WINCHESTER, JJ., concur.

¶ 21 KAUGER, J., not participating.