CITY OF TULSA v. WILKIN et al.

No. 32588.  March 11, 1947.

*178 P. 2d 100.*

Chas. R. Bostick, Remington Rogers, and A. M. Widdows, all of Tulsa, for petitioner.

M. C. Spradling, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. In this case Frank S. Wilkin, hereinafter referred to as claimant, filed his first notice of injury and claim for compensation with the State Industrial Commission, wherein it is stated that on July 18, 1944, while in the employ of the city of Tulsa, hereinafter referred to as petitioner, and while engaged in construction and engineering work, he sustained injuries to his person resulting in permanent disability.

Petitioner in response to this claim filed what is termed response and plea to jurisdiction in which it denies that at the time claimant received his injury he was engaged in construction or engineering work, and pleads that claimant was not engaged in an employment defined as hazardous under the Workmen's Compensation Act and that the commission was therefore without jurisdiction to award him compensation.

A hearing was had before a trial commissioner, confined solely to the question of jurisdiction, who at the close of the evidence found:

"The State Industrial Commission has jurisdiction of the cause for the reason that at the time of the alleged accidental personal injury claimant was doing work incidental to construction work."

Upon this finding the commissioner entered the following order:

"It is, therefore, ordered by the trial commissioner that claimant's claim for compensation be and the same is hereby affirmed as being under the jurisdiction of the State Industrial Commission."

This is the only order entered in the case. No final order either allowing or denying compensation was entered by the commission.

The present proceeding is brought to obtain a review of this order. The order does not constitute a final order, but is merely an intermediate order. This court reviews only final orders and awards of the State Industrial Commission. Marland Refining Co. v. Bivins, 135 Okla. 14, 273 P. 212; McCallum & Forber v. Owens, 184 Okla. 66, 85 P. 2d 411; Hughes Motor Co. v. Warren, 187 Okla. 255, 102 P. 2d 594.

Since the order sought to be reviewed does not constitute a final order, we are without jurisdiction to entertain the proceeding.

The proceeding is dismissed and the cause remanded to the Industrial Commission for further proceedings.

HURST, C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.