HARDY, Judge.
Plaintiff instituted this action for judicial review of a final decision of the defendant board ordering the revocation of his license as a real estate broker. From judgment of the district court affirming the findings of defendant board, plaintiff has brought this appeal.
The extent of the judicial review in an action of this kind is set forth in LSA-R.S. 37:1456:
“The findings of fact of the board shall not be conclusive, and the civil courts of this state may review questions of fact and law involved in any final decision of the board * *
The specification of charges against plaintiff which were the basis for the hearing before the defendant board were:
“(1). That plaintiff had listed property of his principal for sale upon the basis of obtaining $350.00 cash for the principal’s equity with the understanding that the broker would retain any amount which he procured in excess thereof; that plaintiff obtained an offer of $450.00 cash and received a check from the buyer for said sum, after which he represented to his principal that a sale could not be made unless *238 he was willing to reduce the sum to be received for his equity from $350.00 to $300.00.
“(2). That the broker failed to procure the change of certain “fence notes” from the name of his principal, the seller, to that of the purchaser.
Upon the above charges an extensive hearing was duly had before the defendant board which took action, the day following the hearing, revoking plaintiff’s license as a real estate broker on the ground that his conduct in connection with the transaction under examination
“* * * demonstrated unworthiness, incompetency and bad faith, which is contrary to the established practices of real estate or business chance brokers and designed to mislead the client, which violated the provisions of L.R.S. 37:1454(5) & (10).”
The record before us is made up of the transcript of something more than 100 pages of oral testimony taken at the hearing of the board, together with certain documents which were introduced on trial before the district court. Our examination discloses that by far the greater part of the transcript of testimony is involved with issues entirely irrelevant and immaterial to a determination of the correctness, vel non, of tlie decision reached by the defendant board. From that part of the testimony of witnesses which is responsive to the charges made against plaintiff, it is clear that the broker, Bryan G. Willis, received an offer of $450.00 from a prospective purchaser, Mack Childers, Jr., who delivered a check for that amount to Mr. Willis. It is equally clear that Willis then communicated with his principal Kenneth G. Garner, and requested him to reduce the amount of his equity by $50.00. The question is whether the record sustains the charges of misrepresentation predicated upon the contention that Willis advised Garner that the sale could not be made unless Garner would agree to a $50.00 reduction of his equity.
We think the question above stated was adequately answered by Garner himself when he testified:
“I was to understand that I was going to get Three Hundred Dollars when I came down, and Mr. Willis would get a Hundred Fifty Dollars. Otherwise it would have been a Hundred Dollars and I would have got Three Fifty equity.”
It was further conclusively established by the testimony before the board that after the telephone conversation Chil-ders visited Garner at his home; that they returned to Willis’ office, where the transaction was concluded, and that all parties involved, that is, Garner as the seller, Willis as his agent, and Childers as the purchaser, had full and complete knowledge of the terms of the sale and the division of the cash portion of the purchase price, prior to the conclusion of the negotiations. The conclusion is inescapable that even if the facts had been misrepresented this was corrected, and an agreement was reached without protest and with a full understanding of the true facts before the offer was finally accepted and a conveyance of the property executed by Garner as owner. Despite the vacillation of the witness, Garner, under the pressure of questioning, we do not find that the record supports the first charge as above specified.
With reference to the second charge, it is only necessary to state that the record is devoid of any evidence in support thereof.
In proceedings involving judicial review of the action of administrative boards, a conclusion which deprives any individual of the means whereby he earns his livelihood should be asserted only upon the basis-of convincing evidence. Particularly is this true in instances such as this where the statute does not limit the reviewing judicial tribunal to a finding of “sufficient” or “substantial” evidence, but charges the court *239 with a review of all questions of fact and law which are involved.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
IT IS NOW ORDERED that the action of the defendant, Louisiana Real Estate Board, in revoking the license of plaintiff, Bryan G. Willis, d/b/a Willis Realty Company, as a real estate broker and the refusal to grant any renewal thereof, is hereby annulled and set aside.
All costs are assessed against defendant-appellee.