HALLEY, C. J., JACKSON, V. C. J., and DAVISON, JOHNSON, BLACK-BIRD and IRWIN, JJ., concur.

Jack DAWSON, d/b/a Dawson Trucking Company, and Continental Casualty Company, a Corporation, Petitioners,

v.

William R. FERGUSON and the State Industrial Court, Respondents.

Jack DAWSON, d/b/a Dawson Trucking Company, and Westchester Fire Insurance Company, Petitioners,

v.

William R. FERGUSON and the State Industrial Court of Oklahoma, Respondents.

Nos. 41324, 41328.

Supreme Court of Oklahoma.

Jan. 26, 1965.

Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for Petitioners in cause No. 41324.

Harry R. Palmer, Jr., Oklahoma City, for Petitioners in cause No. 41328.

Ralph Samara, Oklahoma City, for Respondent William R. Ferguson.

Charles R. Nesbitt, Atty. Gen., for Respondent State Industrial Court.

BLACKBIRD, Justice.

These causes, brought here by different insurance carriers as separate proceedings to review the same order of the State Industrial Court, were ordered consolidated for disposition. So far as pertinent to our consideration hereof, the trial judge's order submitted here for review, contains these findings of fact and conclusions of law: (1) claimant, when injured, was in the employ of an uninsured partnership which was then engaged in a business defined as hazardous by statute; (2) while so employed, claimant sustained a compensable injury; (3) at the time of his injury, claimant was engaged in "a hauling job" being then performed by his employer for Jack Dawson, d/b/a Dawson Trucking Company; (4) the uninsured employer is primarily liable to pay compensation for claimant's disability from his injury, and Dawson, as prime contractor, is secondarily liable therefor; (5) on the day of claimant's injury, Dawson was protected by two policies of insurance, both of which were then "in full force and effect" and were covering Dawson's statutory liability for payment of workmen's compensation; one of these policies had been issued by Continental Casualty Company and the other by Westchester Fire Insurance Company; (6) both insurance carriers named "are jointly and severally liable" for any award in favor of claimant which is ordered paid by Dawson because of the latter's secondary liability for the instant claim; and (7) the State Industrial Court has jurisdiction to adjudicate claimant's disability from his injury and the amount of medical expenses incurred for treatment or correction of his condition, "*such determination to be made after further hearing and presentation of proper evidence relative thereto.*"

The findings and conclusions so made were affirmed on appeal to the trial tribunal en banc. From the disposition of the State Industrial Court en banc, Continental Casualty Company brought a statutory action for review in cause #41324, and Westchester Fire Insurance Company instituted a separate proceeding for review in cause #41328.

■ The order submitted here for our review neither grants nor denies an award to the employee, but leaves the claim pending for final determination to be effected in subsequent proceedings before the trial judge. Such order is merely intermediate or interlocutory. Since it lacks the attributes of a final order, it may not be the subject of review in this court in a proceeding instituted under the provisions of 85 O.S.Supp. 1963 § 29. City of Tulsa v. Wilkin, 198 Okl. 307, 178 P.2d 100, 101; McCallum & Forber v. Owens, 184 Okl. 66, 85 P.2d 411.

■ Under the provisions of 85 O.S. Supp. 1963 § 29, the Supreme Court may review only those decisions of the State Industrial Court that either grant or deny an award to the employee, or otherwise effect a final determination of the rights of the parties. An intermediate, or interlocutory, order of the trial tribunal is not the subject of review in a proceeding brought under the cited statute. City of Tulsa v. Wilkin, supra.

■ These consolidated causes are accordingly dismissed as prematurely brought. Since no final order has been entered in this

cause, our dismissal of the instant proceedings for review will not have the effect of sustaining the trial tribunal's action; and we express no opinion concerning the correctness of the order sought to be reviewed. Hughes Motor Co. v. Warner, 187 Okl. 255, 102 P.2d 594; McCallum & Forber v. Owens, supra.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.