**SECREST PIPE COATING COMPANY and Employers Liability Assurance Corporation, Petitioners,**

v.

**Edward STRICKLAND and State Industrial Court, Respondents.**

**No. 42502.**

Supreme Court of Oklahoma.

Nov. 12, 1968.

George E. Fisher, Oklahoma City, for petitioners.

Buck Cartwright, Wewoka, G. T. Blankenship, Atty. Gen., for respondents.

WILLIAMS, Justice.

This is an original proceeding to review an award entered by the State Industrial Court awarding respondent Edward Strickland, claimant below, compensation benefits against the petitioner, Secrest Pipe Coating Company, and its insurance carrier, Employers Liability Assurance Corporation, respondents below. Parties will be referred to as they appeared before the State Industrial Court.

Claimant sustained injuries to his back, right hip and right knee while working at a hazardous employment for respondent in Columbiana County, Ohio, on September 19, 1965. The trial judge entered a finding that although the accident occurred in Ohio the contract of employment was consummated in Oklahoma, and that therefore the Oklahoma State Industrial Court had jurisdiction to hear and determine the claim on its merits. The trial judge awarded the claimant a permanent disability of 30 per cent to the body as a whole. The Industrial Court sitting en banc affirmed the award of the trial judge.

Respondent does not contest the occurrence of the accident nor the amount of the award. Respondent's principal contention on appeal is that the State Industrial Court erred in finding that the employment contract was consummated in Oklahoma.

Epitomized the facts are as follows:

Respondent is engaged in the coating of pipe lines and for many years has operated projects in connection with this type of business in various states. Respondent's principal office is located in Tulsa. Employee's checks are issued in Tulsa where the payroll and other company records are kept.

During the years of its operations respondent had assembled a crew of experienced workmen familiar with the work it was doing. These employees worked irregularly, ordinarily not including the winter months. Several of these men lived in the vicinity of Lamar and Holdenville, Oklahoma. The claimant is one of these workmen and lives at Holdenville, Oklahoma.

It was the established practice over a period of more than ten years for the respondent when it had a need for a crew of men to work on a project to call the Tulsa office and have someone call one of the crew. The member or members of the crew called would be requested to call certain other members of the crew telling them of the need for workmen.

On July 1, 1965, respondent was ready to commence a project in Columbiana County, Ohio, on July 6, 1965. The representatives

of the respondent in charge of the project were V. V. Bauer, half owner of the respondent company and Clyde Rice, foreman. Bauer and Rice testified that one of them must have called some member of the crew in Oklahoma requesting him to notify the other workmen of the commencement of the job and the need for workmen. Neither Bauer nor Rice could recall definitely making the call or making a request for the claimant to report for work. Both admitted that the claimant was an efficient workman, had worked for respondent on other jobs and would have been included in those called to report for work.

Claimant commenced working for the respondent in March 1952. He worked for the respondent on many projects in various states including Kansas and Ohio during the intervening years between March 1952 and July 6, 1965. He testified that on each occasion some member of the crew would call him and tell him when and where to report for work.

Jack McKenzie, a fellow workman of claimant, testified that on July 1, 1965, he received a telephone call from V. V. Bauer from Tulsa, Oklahoma; that Bauer told him respondent would "kick-off" the project in Columbiana County on July 6, 1965, and he (Bauer) wanted both McKenzie and the claimant to commence work on the project on July 6; that he had just completed the call when claimant drove into his yard; that he told claimant about his conversation with Bauer and claimant replied "O'kay". Claimant testified he told McKenzie "to tell them that I would be there". Jack Mills, another employee, testified that he had a telephone conversation with foreman Claud Rice with reference to assembling the crew and Rice told him that Strickland "had already [been] called" and "had been hired".

Claimant left Holdenville, Oklahoma for Ohio on the following day. He reported for work on the Ohio project on July 6, 1965, and continued working for the respondent on the project until injured on September 19, 1965. Claimant paid his own traveling expenses in making the trip to Ohio.

 We have held that in compensation cases the question of whether a contract of employment is made in Oklahoma or in a foreign state is a question of law and fact to be determined from the facts and circumstances presented in each particular case. Scotty's Flying & Dusting Service v. Neeser, Okl., 393 P.2d 842. We have examined the evidence and the facts and circumstances presented herein sustain the finding of the State Industrial Court that the contract of employment was made in Oklahoma.

The facts presented here are quite similar to those presented in Williams Brothers Company v. Wiley, Okl., 337 P.2d 1078 wherein a workman had been employed by the respondent for seven or eight years and worked for the respondent in several states including Oklahoma and two foreign nations. After completing some work for respondent in Arabia he contacted the employment agent of the respondent in Tulsa, Oklahoma, who assigned him to work for the respondent in Ohio. He reported for work on the job in Ohio, took a physical examination and commenced work. We held that the contract of employment was consummated in Oklahoma.

Respondent cites Armstrong v. Guy H. James Construction Company, Okl., 402 P.2d 275 and contends that the case is controlling here requiring a reversal. The case is distinguishable on the facts. Armstrong and Richard Able, college students, sought summer employment at the office of respondent in Oklahoma City. They had not previously worked for the respondent. In the next few days the Oklahoma City office contacted the superintendent on a joint venture project which the respondent had in progress with another party in Kansas. Later the superintendent of the joint venture project in Kansas called the respondent's Oklahoma City office and advised that he had room for the two boys on the Kansas project. The two boys went to Kansas and while working on the joint

venture project Armstrong was killed by a bolt of lightning. There was no evidence that the boys communicated the fact of their acceptance of the employment to the employer before they left Oklahoma. We held that the contract was consummated in Kansas when the boys commenced working. The case is distinguishable from the present one where the claimant had been working for the respondent off and on for more than ten years. Here, under all the facts and circumstances including that a trusted employee and former foreman testified that he told respondent's foreman that the claimant "had already [been] called" and "had been hired" and that claimant, after telling McKenzie "O'kay", had driven to Ohio and gone to work, we determine that the conclusion, on the part of the State Industrial Court was justified that the directions relayed and given to claimant to report for work in Ohio, as accepted and acted upon, in Oklahoma, constituted a re-hiring Oklahoma under a system of hiring which had been in existence for several years.

■ Claimant filed a claim before the State Industrial Court of Ohio and was paid temporary compensation. His period of temporary disability had ended. The State Industrial Court correctly denied any claim for additional temporary compensation. The acceptance of temporary compensation does not estop the claimant from asserting his claim for permanent disability in Oklahoma. 85 O.S.1961, § 4; Loffland Brothers Co. of Venezuela v. Hamman, Okl., 421 P.2d 647.

Respondents contend that claimant was employed in Ohio, that the policy of insurance sued upon specifically excluded coverage for injuries sustained by respondent's employees in the State of Ohio and that the insurance company is not liable.

■ We have heretofore determined that the contract of employment was made in Oklahoma and not in Ohio and that the State Industrial Court had jurisdiction of this proceeding. Whether the insurance company would be liable in a proceeding for compensation brought in the courts of Ohio is not presented in this proceeding. Respondents cite no provision in the insurance policy or authority for relieving the insurance company from liability. Under the circumstances presented, we therefore cannot sustain respondent's contention that the insurance company is not liable on its contract of insurance.

The award of the State Industrial Court is supported by reasonable, competent evidence and is in accord with the law of this jurisdiction established by this court in prior decisions.

The award is sustained.

All Justices concur.