Donald L. MORRISON, Petitioner,

v.

The Honorable A. R. SWANK, Jr., et al.,
Respondents.

No. 44956.

Supreme Court of Oklahoma.

Sept. 21, 1971.

Rehearings Denied Nov. 9, 1971.

John H. Kennedy, Oklahoma City, for petitioner.

Larry Derryberry, Atty. Gen. of Oklahoma, Robert H. Mitchell, Asst. Atty. Gen., for respondents.

HODGES, Justice.

Petitioner filed his application asking this Court to assume original jurisdiction for the purpose of issuing mandamus to The State Industrial Court requiring it to conduct a hearing on the merits of his workmen's compensation claim. The Industrial Court en banc by order is holding in abeyance petitioner's claim pending the outcome of an appeal from the Workmen's Compensation Director of the State of Kansas to the Supreme Court of Kansas denying jurisdiction. Order vacated and mandamus issued.

Petitioner was hired by respondent in Oklahoma and in his claim filed before the Workmen's Compensation Director of the State of Kansas, alleged he was injured in

Kansas. Following a hearing the Special Examiner found that the accident occurred in Oklahoma and denied jurisdiction. The claim was appealed to the district court and subsequently to the Supreme Court of Kansas where it is presently pending. Petitioner in the Kansas hearing is seeking medical treatment, temporary compensation and a determination of the nature and extent of his disability suffered as a result of the accident. These are the same issues petitioner is presently attempting to raise in the Oklahoma State Industrial Court.

Subsequent to the appeal in the State of Kansas petitioner filed his Form 3 in the Oklahoma State Industrial Court. A hearing was held and the trial judge found that the Oklahoma Industrial Court had no jurisdiction because the case was pending on appeal before the Kansas Supreme Court, having been fully tried in the Workmen's Compensation forum of Kansas, and further, denied the claim on the grounds of the running of the statute of limitations. On appeal to the court en banc the Industrial Court vacated the order of the trial judge and directed him to hold the case in abeyance until a final disposition of the litigation in the State of Kansas.

Petitioner asserts that under the provisions of Title 85 O.S.1961, § 4, he is entitled to litigate his claim both in the State of Kansas and in the State of Oklahoma. Respondents maintain that petitioner cannot litigate in both forums at the same time and must wait until final disposition of the appeal in Kansas or until the case in Kansas is dismissed. The pertinent provision of Section 4 follows:

" * * * In such case the injured employee may elect to commence and maintain his action for benefits and compensation before the State Industrial Commission of the State of Oklahoma, and the said Commission is hereby vested with jurisdiction thereof as fully as if such injury or accident had occurred within this State. Such right of election shall, however, not preclude the injured employee from recovering any benefits or compensation provided under any law of the State where injury occurred, and if such action be so commenced in such other state, or under the laws of another state, and is prosecuted to final determination, such employee shall thereupon be precluded from his right of action under the laws of this State. Provided, the injured employee may exercise his right of election to file his claim or commence his said action or proceeding before the State Industrial Commission of the State of Oklahoma, at any time prior to final adjudication or determination of his rights under the laws of another state, and the fact that he shall have been furnished or provided with medical, surgical, hospital or other treatment care, or paid temporary disability compensation in such other state, or under the laws thereof, shall not preclude such injured employee from recovering further benefits and compensation under the laws of this State."

Petitioner is seeking the same type of relief in Oklahoma as he sought in the State of Kansas. The question of seeking relief for the same benefits simultaneously from the jurisdiction of employment and the one where the accident occurred has not previously been answered by this court, although we have held that an injured employee can pursue his remedy for benefits due to permanent disability in the Oklahoma Industrial Court even though he has filed a claim and received benefits for temporary disability in another jurisdiction. Secrest Pipe Coating Company v. Strickland, Okl., 447 P.2d 435 (1968).

Respondents further maintain that the word "elect" contained in the statute is mutually exclusive in that if a claim is filed in one jurisdiction for benefits a separate claim cannot then be filed in another jurisdiction for the same benefits. They assert that to do otherwise would violate the principle of one cause of action for one injury.

Although this case is one of first impression in this jurisdiction, some jurisdictions

have held that an action may be maintained in two jurisdictions concurrently. Chapman v. John St. John Drilling Co., 73 N.M. 261, 387 P.2d 462 (1963); Schenkel v. Tower Builders Co., 380 Mich. 492, 157 N.W.2d 204 (1968); Agee v. Ruan Transport Corp., 10 Ariz.App. 1, 455 P.2d 288 (1969); Willis v. Louisiana Real Estate Board, La.App., 146 So.2d 237 (1962); Della Vecchia v. World Scope Publishing Co., 64 N.J.Super. 333, 165 A.2d 872 (1960). The question here presented is one of statutory interpretation. The statute allows petitioner to maintain an action in the state of employment and the state of occurrence of the accident. The question is whether this can be done simultaneously for the same benefits. The statute does not allow the petitioner to maintain an action in Oklahoma if his claim for the same benefits has been finally adjudicated in another jurisdiction as this would be res adjudicata under the full faith and credit doctrine. Assuming the Kansas Court affirms the order denying jurisdiction of the claim in Kansas, according to respondents and the provisions of the statute this would be a final adjudication which could be raised as a bar to the action in Oklahoma. The petitioner would then be without any forum in which to litigate his claim which is clearly antithetical to the purpose and intent of the statute.

The statute provides for the filing and maintaining a claim in the jurisdiction of employment in the same manner as in the jurisdiction where the accident occurred. If the action is filed in Oklahoma the statute also provides that credit may be given for benefits provided or paid for in other jurisdictions. This section is supportive of the view that actions may be filed for the same benefits in two jurisdictions as the credits provided for would be only for the same type of benefits.

The only restriction of the statutory language as to filing in more than one jurisdiction for the same benefits is the prohibition of a final adjudication. The appeal lodged in the Supreme Court of Kansas was still pending and not reduced to a final judgment at the time the involved claim was filed.

▮▮▮▮ The concept of one cause of action for one injury is not violated by dual filings as credit must be given according to the provisions of the statute for payments made in other states for the same type of benefits awarded by order of the Oklahoma Industrial Court.

Lastly, the respondents maintain that the word "elect" contained in the statute means to the exclusion of any other filing. The statute itself answers this assertion whereby it states: "Such right of election shall, however, not preclude the injured employee from recovering any benefits or compensation provided under any law of the state where the injury occurred, * * *." To recover benefits under the law of the state where the injury occurred would of necessity allow filing in another jurisdiction even though petitioner had elected to proceed in Oklahoma.

Petitioner has the right under the statute to maintain his action in Oklahoma under the provisions of 85 O.S.1961, § 4, and as the Industrial Court has ordered his case to be held in abeyance his right has been violated and mandamus will issue. State ex rel. First National Bank in Ardmore et al., Ogden, 173 Okl. 285, 49 P.2d 565 (1935).

The statute of limitations was raised in the trial court but not on appeal and this opinion does not consider nor decide this question.

Order vacated and mandamus issued to Industrial Court to set petitioner's claim for hearing in its regular order.

All Justices concur.