Donald L. MORRISON, Petitioner,

v.

HURST DRILLING COMPANY et al.,
Respondents.

No. 45731.

Supreme Court of Oklahoma.

March 13, 1973.

Rehearing Denied April 16, 1973.

John H. Kennedy, Oklahoma City, H. Lee Turner, Great Bend, Kansas, for petitioner.

H. W. Nichols, Jr., Watts, Looney, Nichols & Johnson, Oklahoma City, for respondents.

SIMMS, Justice:

The sole issue presented involves correctness of an order denying petitioner's claim for compensation, on grounds the claim was barred by limitations under 85 O.S.1971, § 43, more than one year having elapsed after last rendition of authorized medical services.

This Court previously has considered related issues arising from this cause. See, Morrison v. Swank, et al., Okl., 489 P.2d 1328. By reason of the conclusion reached, we avoid discussion of evidentiary matters other than those disclosing the present problems.

Petitioner was hired in Oklahoma, and August 2, 1967, assumed duties operating respondent's seismograph drilling rig in Kansas. On October 11, 1967, petitioner filed claim, before Workmen's Compensation Director in Kansas, alleging injury occurring when rig cable broke striking petitioner in face and causing him to fall backward, resulting in injury to eye and back. Petitioner received medical treatment beginning October 4, 1967, in Great Bend, Kansas, and one of respondent's doctors filed physician's report with the Director on October 11, 1967, showing injuries. Respondent paid temporary total disability compensation from October 11, 1967 through June 19, 1968. The last authorized medical treatment furnished petitioner was about October 15, 1968.

Petitioner's claim for compensation in Kansas was conducted before a Special Examiner. Respondent stipulated petitioner suffered accidental injury to eye arising out of and in course of duties in a covered employment, but denied back injury or notice of such injury. The hearing purportedly was for determination of issues relating to nature and extent of disability resulting from accidental injury, rate of compensation, and allowance of compensation and medical expense. The examiner's "Award" reflected that during course of testimony, respondent withdrew the stipulation as to petitioner's injury having occurred in Kansas, and raised an issue as to jurisdiction of Kansas Workmen's Compensation Director. The examiner also noted extensive evidence relative to whether petitioner sustained a back injury, but declined to evaluate this evidence and made no finding thereon. The examiner entered an "Award" on December 4, 1969, denying compensation upon the ground, as indicated by preponderance of evidence, both contract of employment and injury were in Oklahoma, and Compensation Director of Kansas lacked jurisdiction to hear the matter. This order was appealed and was pending before the Supreme Court of Kansas when the present claim was filed.

Petitioner filed claim for compensation before State Industrial Court February 3, 1970, based upon the same injury, and disclosing the prior claim denied by the Kansas Court. Respondent answered asserting petitioner's claim had been "fully tried" in Kansas, and affirmatively alleging petitioner's claim should be dismissed because barred by limitations. A trial judge entered an order finding lack of jurisdiction prior to the Kansas court's final determination of petitioner's claim. This order reserved any question of statute of limitations for future hearing. On February 2, 1971, the Industrial Court en banc vacated this order, and remanded the cause with directions for the trial judge to hold same in abeyance pending conclusion of the Kansas case.

Thereafter, petitioner's counsel applied for extraordinary relief by Writ of Mandamus to State Industrial Court. The asserted ground was that holding the case in abeyance deprived petitioner of his right to pursue his action before State Industrial Court and obtain needed relief, when there was no adequate remedy at law. In Morrison v. Swank, supra, this Court granted the relief sought and issued mandamus directing petitioner's claim to be heard in regular order. After hearing the trial judge entered the order now reviewed, holding petitioner's claim barred by statute of limitations, because more than one year had elapsed after rendition of the last authorized medical service.

In Swank, supra, the Court construed 85 O.S.1971, § 4, as according petitioner the right to maintain simultaneous actions in the state of employment and the state where accidental injury occurred. The reason stated is that any other conclusion would result in leaving petitioner without any forum in which to litigate his claim. Supporting this reasoning is the further requirement of the statute that credit is to

be given for benefits paid in one state against an award entered in another jurisdiction. And, it is pointed out the only restriction of the statute, against filing claim for the same benefits in more than one jurisdiction, is the prohibition of final adjudication.

The statute, supra, specifies when claim for compensation is filed before State Industrial Court, based upon injury occurring outside territorial limits of the state, the court is vested with the same jurisdiction as though injury had occurred within Oklahoma. The pertinent portion of the statute then declares:

"* * * Provided, the injured employee may exercise his right of election to file his claim or commence his said action or proceeding before the State Industrial Commission of the State of Oklahoma, at any time prior to final adjudication or determination of his rights under the laws of another state, and the fact that he shall have been furnished or provided with medical, surgical, hospital or other treatment care, or paid temporary disability compensation in such other state, or under the laws thereof, shall not preclude such injured employee from recovering further benefits and compensation under the law of this State. * * *"

Application of this provision appears in Secrest Pipe Coating Co. v. Strickland, Okl., 447 P.2d 435. There claimant, employed in Oklahoma, was injured in Ohio and received temporary compensation benefits which had ended. During pendency of the Ohio proceeding claimant filed claim in Oklahoma (where employment contract made) seeking further temporary disability compensation and adjudication of permanent total disability. Claim for temporary benefits was denied because temporary disability had ended. However, this Court explicitly stated acceptance of temporary benefits did not estop claimant from asserting claim for permanent disability in Oklahoma under the statute, supra. Loff-

land Bros. Co., etc. v. Hamman, Okl., 421 P.2d 647.

This record shows petitioner at all times had a claim pending in Kansas for injury and disability to the eye and back. Respondent had notice of injury by petitioner's timely filing. Additionally, every medical report by treating doctors advised respondent of petitioner's need for hospitalization and probable corrective surgery. Petitioner's claim was pending when temporary disability ended, and these issues were not adjudicated by the Kansas "Award" denying jurisdiction of that court to hear and determine the claim. This "Award" was appealed and was pending when petitioner's claim was filed in Oklahoma prior to final adjudication. Morrison v. Swank, supra.

Statute of limitations as applied to compensation claims appear under 85 O.S.1971, § 43. Decisions construing and applying limitation to claims declare either payment of compensation, or furnishing medical attention, is necessary to toll running of the statute. Swafford v. Schoeb, Okl., 359 P.2d 584. No decision has come to our attention which holds the statute of limitations beings to run against a pending, unadjudicated claim from date the last medical treatment is furnished, or the last temporary compensation paid.

Neither language of the statute, supra, nor our decisions construing and applying this statute, prescribe prohibition or limitation upon an injured workman's right to seek compensation in two jurisdictions except as noted in Strickland, supra. Where statutory requisites relating to a contract of employment are present and claim for benefits pends without final adjudication, the statute simply extends an injured claimant a right of election to "transfer" his claim to another jurisdiction.

Undoubtedly the order reviewed treated petitioner's claim filed before State Industrial Court as entirely new and differ-

ent from the unadjudicated claim then pending before the Kansas court. This construction of the statute not only violates the rule requiring liberal construction of the Act, but engenders even greater vice. The trial court's construction would destroy claimant's rights by placing time limitation upon the statutory right of election, and prescribe an additional requirement for election beyond that expressed in the statute. We are convinced the Legislature did not intend such a result.

Applied to this cause, the record discloses petitioner had a claim pending in Kansas which was unadjudicated as concerned nature and extent of injuries and resulting permanent disability, if any. No apparent limitation would have terminated the right and jurisdiction of that court to finally adjudicate that claim. Within the provisions of the statute, petitioner "transferred" that pending claim to Oklahoma and sought adjudication before State Industrial Court. Nothing in the statute required petitioner to do more, or precluded Industrial Court adjudication of this claim upon the merits.

No language in the statute supports the limitation applied as determinative of petitioner's claim. Unless this statute be construed as affording means of final determination of the merits of a proper claim, it becomes a vehicle for depriving claimants of a forum in which to litigate the merits of a claim. Four hearings in two jurisdictions have failed to consider and adjudicate nature and extent of petitioner's injuries and disability. The cause cannot be laid to rest by procedural disposition when no hearing has been had concerning injury suffered.

The order reviewed is vacated and the cause remanded to State Industrial Court for hearing and determination.

All the Justices concur.