2016 OK CIV APP. 34

Kurt Walter MAXWELL, Petitioner,

v.

FAITH TRANSPORT, LLC, and The Workers' Compensation Court of Existing Claims, Respondents.

Case No. 113,832

Court of Civil Appeals of Oklahoma, DIVISION II.

Filed: 11/23/2015

Mandate Issued: 05/25/2016

Kent Eldridge, Oklahoma City, Oklahoma, for Petitioner.

Steven E. Hanna, Bonham & Howard, Oklahoma City, Oklahoma, for Respondent.

OPINION BY JERRY L. GOODMAN, VICE–CHIEF JUDGE:

¶ 1 Claimant Kurt Maxwell seeks review of the March 23, 2015, three-judge panel order reversing the trial court's July 10, 2014, order. The trial court held Oklahoma was a proper jurisdiction for Claimant's workers' compensation claim. The panel, with one dissent, vacated the trial court order, finding jurisdiction lay with Texas. We find Oklahoma to have concurrent jurisdiction with Texas. We vacate the panel's order and remand the matter to the trial court for further proceedings.

## BACKGROUND

¶ 2 It is undisputed Claimant is an Oklahoma resident, hired in Oklahoma as a truck driver for Employer Faith Transport, LLC, a Texas entity. He was severely injured on August 2, 2011, in a single-event accident in Texas while on the job for Employer. Shortly after the accident, Employer's workers' compensation insurer, Texas Mutual Insurance Company (TMIC), initiated payments of workers' compensation benefits to Claimant, pursuant to Texas law. It is undisputed Claimant received and cashed all the checks sent him by TMIC.

¶ 3 On August 17, 2011, TMIC sent Claimant a letter notifying him of the commencement of his first temporary income benefit payment pursuant to Texas law.

¶ 4 On May 9, 2013, TMIC sent Claimant a letter advising him that he had been certified to have reached Maximum Medical Improvement and had an impairment rating assigned. He would no longer receive temporary income benefit payments, but, based on his impairment rating, he would receive 21 weeks of Impairment Income Benefits. He would also remain indefinitely entitled to medical benefits related to his injury. He was given notice that he could dispute this certification within 90 days.

¶ 5 On September 16, 2013, TMIC sent Claimant a letter notifying him of the suspension of Impairment Income Benefit payments. He was notified he could dispute the suspension by contacting TMIC first, or if this did not resolve his objection, the Texas Department of Insurance, Division of Workers' Compensation.

¶ 6 Neither party asserts Claimant filed any objection to any of these determinations.

¶ 7 On August 14, 2013, Claimant filed his Form 3 in Oklahoma. Employer rejected the claim, alleging Oklahoma had no jurisdiction and that Claimant had elected to receive benefits under Texas law, and was therefore precluded from seeking benefits pursuant to Oklahoma law. Claimant concedes that, if he is paid benefits under Oklahoma law, appropriate credits would be due.

¶ 8 On Employer's motion to dismiss, the parties submitted briefs to the Workers' Compensation trial court. The trial court concluded that based on the law and the facts, Oklahoma had jurisdiction. Employer sought review by the three-judge panel. In an order filed March 23, 2015, two members of the panel vacated the trial court's order, over a vigorous dissent.

¶ 9 Claimant seeks our review.

## STANDARD OF REVIEW

¶ 10 We are presented with a question of jurisdiction and the interpretation of statutes.

Interpretation and application of statutes presents a question of law, which is before us for de novo review. *City of Durant, In re.*, 2002 OK 52, 50 P.3d 218. We will examine the WCC's ruling independently with no deference given to that ruling. *Fink v. State ex rel. Department of Public Safety*, 1992 OK CIV APP 169, 852 P.2d 774.

*Mays Plus, Inc. v. Ennis*, 2006 OK CIV APP 59, ¶ 6, 135 P.3d 839, 841.

## ANALYSIS

¶ 11 We are asked to resolve an issue regarding 84 O.S.2001, § 4 and Texas law.[1]

¶ 12 Claimant was injured August 2, 2011. We use the law in effect on that date. *Williams Companies, Inc. v. Dunkelgod*, 2012 OK 96, ¶ 14, 295 P.3d 1107, 1111-12 ("The date of injury has long been the point in time in workers' compensation cases when rights of the parties become established, including when a claim must be filed; which law to use for determining benefits, and a schedule of compensation to determine the amount of benefits a claimant is entitled to receive." (footnotes omitted)).

### I. Section 4—Out of State Injuries

¶ 13 Section 4 states, in relevant part:

[ ]all the provisions of the Workers' Compensation Act ... shall apply to employers and to employees, irrespective of where accident resulting in injury may occur,

---

1. Section 4 was later repealed by Laws 2011, SB 878, c. 318, § 87.

whether within or without the territorial limits of the State of Oklahoma, when the contract of employment was entered into within the State of Oklahoma, and the said employee was acting in the course of such employment and performing work outside the territorial limits of this state under direction of such employer. In such case the injured employee may elect to commence and maintain his action for benefits and compensation in the State of Oklahoma as provided in the Workers' Compensation Act and the Court is hereby vested with jurisdiction thereof as fully as if such injury or accident had occurred within this state. Such right of election shall, however, not preclude the injured employee from recovering any benefits or compensation provided under any law of the state where injury occurred, and if such action be so commenced in such other state, or under the law of another state, and is prosecuted to final determination, such employee shall thereupon be precluded from his right of action under the Workers' Compensation Act of this state. Provided, the injured employee may exercise his right of election to file his claim or commence his said action or proceeding in the State of Oklahoma, at any time prior to final adjudication or determination of his rights under the laws of another state, and the fact that he shall have been furnished or provided with medical, surgical, hospital or other treatment care, or paid temporary disability compensation in such other state, or under the laws thereof, shall not preclude such injured employee from recovering further benefits and compensation under the Workers' Compensation Act of this state. Provided, further, no award made by the Court of this state shall include any compensation paid by the employer or insurance carrier before commencement of the action or proceeding in this state and any payments so made shall be treated as compensation voluntarily paid and credit therefor shall be allowed.

■ ¶ 14 An Oklahoma claimant injured while on the job in another state may pursue benefits from both jurisdictions simultaneously. ("Provided, the injured employee may exercise his right of election to file his claim or commence his said action or proceeding in the State of Oklahoma, at any time prior to final adjudication or determination of his rights under the laws of another state, and the fact that he shall have been furnished or provided with medical, surgical, hospital or other treatment care, or paid temporary disability compensation in such other state, or under the laws thereof, shall not preclude such injured employee from recovering further benefits and compensation under the Workers' Compensation Act of this state." § 4).

¶ 15 If that claimant receives a final adjudication of his claim in the other state, his right of action in Oklahoma is precluded. *Id.*

## II. Question Before Us

¶ 16 This is the question before us: May Claimant's Oklahoma claim proceed, or is he confined to the benefits already received under Texas law?

## III. Employer's Arguments Rejected

■ ¶ 17 We first dispose of Employer's arguments on appeal. Employer argues the U.S. Constitution compels affirmance of the panel's order. Employer argues the unilateral decision by TMIC to suspend benefits should be accorded the full faith and credit due a judgment under Article IV, § 1, and that Oklahoma is bound by that administrative decision.

¶ 18 We reject this argument because TMIC's letter hardly qualifies as the type of judgment to which this State must afford full faith and credit, especially given that our analysis, set out below, leads us to conclude TMIC's letter is not a final disposition of Claimant's claim as it relates to § 4. More importantly, the question on appeal is not whether the Texas administrative procedures are valid, but whether Oklahoma's § 4 provides a basis for concurrent jurisdiction. Whether Claimant ultimately obtains a final resolution of his work-related claim under Texas or Oklahoma law is beyond the scope of the issue presented.[2] The single, narrow

---

**2.** It is conceivable that, even after electing to file his claim in Oklahoma, Claimant may elect to

question on appeal is whether the Oklahoma Workers' Compensation Act affords Claimant access to Oklahoma courts pursuant to § 4. Under these facts, we hold it does.

▮ ¶ 19 Next, we reject Employer's claim equating Claimant's acceptance of the TMIC checks to an election of Texas law. This argument, presented without authority, is waived.

> A proposition which is unsupported by citation to authority will not be considered on appeal. *Witt v. Westheimer*, 1938 OK 249 [182 Okla. 645], 79 P.2d 250; *Mid-Continent Cas. Co. v. Jenkins*, 1967 OK 54, 431 P.2d 349; see *Vernor v. Poorman*, 1916 OK 608 [59 Okla. 105], 158 P. 615 (providing "attorneys who present cases here have no right to place the burden upon this court and consume their time in a laborious research for authorities to support their argument.")

*Hough v. Hough*, 2004 OK 45, ¶ 16, 92 P.3d 695, 703. As to Employer's latter point, however, we now examine the reasons why Oklahoma has concurrent jurisdiction at this time.

## IV. Only an Injured Employee May Make an Election

¶ 20 We first note Claimant, by the filing of a Form 3, has affirmatively elected to initiate a claim in Oklahoma.[3] The parties agree he has performed no similar affirmative act in Texas.[4] The payments Claimant received pursuant to Texas law were voluntarily initiated by TMIC. We reject Employer's argument that receipt of those Texas benefits was in and of itself an election to proceed in Texas. Section 4 states in part:

Such right of election shall, however, not preclude the injured employee from recovering any benefits or compensation provided under any law of the state where injury occurred. . . .

▮ ¶ 21 Logic and the rules of statutory construction dictate the conclusion that if the election to file a claim in Oklahoma does not preclude receipt of Texas benefits, the reverse must be true: the receipt of Texas benefits does not preclude the election to file a claim in Oklahoma. Further, § 4 does not prohibit the receipt of benefits in Oklahoma while a claim is proceeding in Texas, unless and until the Texas claim is finally resolved.[5]

> To recover benefits under the law of the state where the injury occurred would of necessity allow filing in another jurisdiction even though petitioner had elected to proceed in Oklahoma.

*Morrison v. Swank*, 1971 OK 121, ¶ 11, 489 P.2d 1328, 1330.

> In *Swank*, supra, the Court construed 85 O.S.1971, § 4, as according petitioner the right to maintain simultaneous actions in the state of employment and the state where accidental injury occurred. The reason stated is that any other conclusion would result in leaving petitioner without any forum in which to litigate his claim. Supporting this reasoning is the further requirement of the statute that credit is to be given for benefits paid in one state against an award entered in another jurisdiction. And, it is pointed out the only restriction of the statute, against filing claim for the same benefits in more than

---

prosecute his Texas claim to finality, thus precluding his Oklahoma claim.

**3.** The version of the Workers Compensation Court Rule 10 in effect on the date of injury states, in relevant part:

> A. A claim for compensation under the Workers' Compensation Act shall be commenced by filing, ... an executed notice form.... The following forms shall be used, as appropriate:
> 1. Form 3 for accidental injury benefits;

**4.** To initiate a claim for workers' compensation in Texas, an injured worker must send a completed Employee's Claim for Compensation for a Work–Related Injury or Occupational Disease

(DWC Form 041) to the Texas Department of Insurance, Division of Workers' Compensation, within one year of the injury. *See*, V.T.C.A., Labor Code, § 409.003.

**5.** *Holley v. Ace Am. Ins. Co.*, 2013 OK 88, ¶ 10, 313 P.3d 917, 920, states: "If the benefits or compensation paid under the laws of another state result from a final determination of an action in the other state, the dependents are 'precluded from [a] right of action under the Workers' Compensation Act' of this state.' The context indicates they are precluded from a right of action in Oklahoma for benefits or compensation. This is the only express consequence of an election to receive 'benefits or compensation' under the laws of another state."

one jurisdiction, is the prohibition of final adjudication.

*Morrison v. Hurst Drilling Co.*, 1973 OK 22, ¶ 7, 508 P.2d 643, 644–45. See, also *Secrest Pipe Coating Co. v. Strickland*, 1968 OK 158, 447 P.2d 435.

■ ¶ 22 The right of election of a claim for benefits under the Workers' Compensation Act belongs to the Oklahoma Claimant, not an out-of-state insurance carrier. Section 4 states:

> In such case the *injured employee* may elect to commence and maintain his action for benefits and compensation in the State of Oklahoma as provided in the Workers' Compensation Act and *the Court is hereby vested with jurisdiction* thereof as fully as if such injury or accident had occurred within this state. (Emphasis added).

TMIC's unilateral choice to invoke Texas law and pay benefits pursuant to that law, rather than await Claimant's election of which state law to pay benefits, does not preclude Claimant's option to invoke Oklahoma's jurisdiction under § 4, assuming no final decision has been reached in Texas. This is our next line of examination.

## V. Claimant's Claim in Texas is Not Final

¶ 23 The only prohibition against a claimant invoking § 4 is if the claim in another state has become final.

> [A]nd if such action be so commenced in such other state, or under the law of another state, and is prosecuted to final determination, such employee shall thereupon be precluded from his right of action under the Workers' Compensation Act of this state. § 4.

■ ¶ 24 Here, Employer claims the September 16, 2013, letter notifying Claimant his Impairment Income Benefits would be "suspended" as being paid in full is a final determination of the claim, therefore precluding the invocation of § 4. Employer cites § 408.123(e) of the Texas Workers' Compensation Act, which states:

> (e) Except as otherwise provided by this section, an employee's first valid certification of maximum medical improvement and first valid assignment of an impairment rating is final if the certification or assignment is not disputed before the 91st day after the date written notification of the certification or assignment is provided to the employee and the carrier by verifiable means.

V.T.C.A. Labor Code § 408.123 (West).

¶ 25 This reliance is misplaced. A further reading of Section 408.123(f) states:

> (f) An employee's first certification of maximum medical improvement or assignment of an impairment rating may be disputed *after the period described by Subsection (e)* if:
>
> (1) compelling medical evidence exists of:
>
> (A) a significant error by the certifying doctor in applying the appropriate American Medical Association guidelines or in calculating the impairment rating;
>
> (B) a clearly mistaken diagnosis or a previously undiagnosed medical condition; or
>
> (C) improper or inadequate treatment of the injury before the date of the certification or assignment that would render the certification or assignment invalid; or
>
> (2) other compelling circumstances exist as prescribed by commissioner rule. (Emphasis added).

¶ 26 Claimant argued both before the trial court [6] and the three-judge panel [7] that Claimant's head injury was not addressed or rated in the determination of disability. Therefore, Claimant contends the certifying doctor's report was not done in compliance with the AMA guidelines, a ground for dispute under 408.123(f)(1)(B) above. Indeed, Employer conceded this on oral arguments when he stated:

> [Claimant] believes that the rating that was assessed was inaccurate, incomplete or not in compliance with the AMA Guides, he can appeal that determination in Texas. That's where his cause of action lies.[8]

6. R. 22.

7. Transcript, Jan. 29, 2015, p. 7, ll. 21–24.

8. *Id.* at 11, ll. 2–5.

¶ 27 Though this Court is not provided any medical records for review in this appeal, the record supports the conclusion that the suspension of Impairment Income Benefits is not equivalent to the term "final determination" as that phrase is used in Oklahoma's § 4, because the suspension remains subject to review or appeal.

Before it can be reviewed the order must be one which makes or denies an award or otherwise constituting a final determination of the rights of the parties upon a final hearing and until such final hearing is had neither party has the right to commence a proceeding in this court to review the order or award; and after the final order has been made either party may commence a proceeding under the terms of the statute above referred to at which time they may review all of the rulings made by the Commission during said proceeding by petition in this court.

*McCallum & Forber v. Owens*, 1938 OK 642, ¶ 2, 184 Okla. 66, 85 P.2d 411, 411.

The order submitted here for our review neither grants nor denies an award to the employee, but leaves the claim pending for final determination to be effected in subsequent proceedings before the trial judge. Such order is merely intermediate or interlocutory. Since it lacks the attributes of a final order, it may not be the subject of review in this court in a proceeding instituted under the provisions of 85 O.S. Supp. 1963 § 29. *City of Tulsa v. Wilkin*, 198 Okla. 307, 178 P.2d 100, 101; *McCallum & Forber v. Owens*, 184 Okla. 66, 85 P.2d 411.

Under the provisions of 85 O.S.Supp. 1963 § 29, the Supreme Court may review only those decisions of the State Industrial Court that either grant or deny an award to the employee, or otherwise effect a final determination of the rights of the parties. An intermediate, or interlocutory, order of the trial tribunal is not the subject of

review in a proceeding brought under the cited statute. *City of Tulsa v. Wilkin*, supra.

*Dawson v. Ferguson*, 1965 OK 14, ¶¶ 3–4, 398 P.2d 820, 821. Because the record before us suggests the Texas claim is subject to being appealed, it lacks the hallmarks of finality required by Oklahoma law. Therefore, the Texas claim is not final for purposes of the invocation of § 4.[9]

## CONCLUSION

¶ 28 We hold Oklahoma has jurisdiction to hear Claimant's claim. The panel's order is vacated and the matter remanded to the trial court for further proceedings subject to Claimant's concession that the TMIC payments are appropriate offsets.

¶ 29 **VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

FISCHER, P.J., and WISEMAN, J., concur.

---

9. In the three-judge panel's order, the concluding paragraph of the dissent speaks to this:

Finally, in Oklahoma phrases such as "final determination" and "final adjudication" contemplate final pronouncement by a Court or governmental agency. In this matter claimant was sent a unilateral statement from an insurance adjuster handling the claim stating that claimant's indemnity benefits were under "suspension." As one might imagine, we'll regret the day when we allow one side to a dispute, in any type of litigation, to declare an issue resolved simply by sending a letter to that effect. Order, March 23, 2015, Judge Owen T. Evans, dissenting.