HORMEL FOOD CORPORATION
and Liberty Mutual Insurance
Co., Petitioners,

v.

Brock Allen HALE and the Workers'
Compensation Court,
Respondents.

No. 86071.

Court of Appeals of Oklahoma,
Division No. 3.

May 7, 1996.

Norman Lemonik, Abowitz & Rhodes,
P.C., Oklahoma City, for Petitioners.

Albert M. Morrison, Michael Emmons,
Oklahoma City, for Respondents.

## OPINION

BUETTNER, Judge:

Respondent Brock Allen Hale (Hale) was
employed as a meat packer and sanitation
worker at Hormel Food Corporation (Hor-
mel). Hale filed a Form 3, Employee's First
Notice of Accidental Injury and Claim for
Compensation, March 22, 1994. He claimed
injury to hands and wrists. The Workers'
Compensation Court found that Hale sus-
tained permanent partial disability to both of
his hands. The issue of vocational rehabilita-
tion was specifically reserved for future hear-
ing.

Hale filed a Form 9 January 11, 1995,
requesting evaluation for vocational rehabili-
tation. The question presented for review
was whether the trial court, as affirmed by
the en banc panel, erred in its order refer-
ring Hale to a qualified physician or facility
for evaluation of his need for rehabilitation
services pursuant to 85 O.S.Supp.1993 § 16A.
The trial court found that Hale was unable to
perform the same occupational duties he was
performing before his injuries.

■ This court issued an order directing
Petitioners to show cause why the appeal
should not be dismissed as premature. Peti-
tioners responded and stated that they were
aggrieved by the trial court's order because
the order required them to pay for a voca-
tional evaluation. In support of their argu-
ment, Petitioners cite 85 O.S.1991 § 3.6, "Ap-
pellate Procedures" and *Toney v. Parker
Drilling Co.*, 640 P.2d 1356 (Okla.1982). *To-
ney* distinguishes reviewability of workers'
compensation decisions from those of the dis-
trict courts. In the workers' compensation
system, an order is final and appealable if
failure to appeal the order would make it
"impervious to reconsideration." *Toney v.
Parker Drilling Co.*, at 1357.

■ What is patently not present in the
case at hand, however, is Petitioners' show-
ing of "feeling aggrieved," a condition prece-
dent to use of the appellate procedures. 85
O.S.1991 § 3.6(A). The trial court found,

and the en banc panel affirmed, that Hale was entitled to receive a vocational rehabilitation evaluation and that by separate order, not included in the record, that Hale would be directed to receive such evaluation under the supervision of a particular vocational rehabilitation group. Petitioners have not shown that they were ordered to pay for anything or that they were in any way aggrieved by the order.

For this reason, we find Petitioners' appeal premature and dismiss the cause without prejudice to refiling from a proper appealable order.

HANSEN, P.J., and ADAMS, V.C.J., concur.