1999 OK CIV APP 127

**SUNNY SIDE NURSING CENTER and Connecticut Indemnity, Petitioners,**

v.

**Bernard E. WHEELER and The Workers' Compensation Court, Respondents.**

**No. 92,833.**

Court of Civil Appeals of Oklahoma, Division 1.

Aug. 27, 1999.

<hr>

David J.L. Frette, Tulsa, Oklahoma, for petitioners.

5. In accord, *Hill v. Gilliam*, 284 Ark. 383, 682 S.W.2d 737 (1985).

Karl Richter, Enid, Oklahoma, for respondents.

### OPINION

Opinion by CAROL M. HANSEN, Presiding Judge.

¶1 Claimant, Bernard Wheeler, filed a Form 3 alleging he sustained an accidental injury to his left leg while employed by Sunny Side Nursing Home, (Employer). Employer provided medical treatment through its certified work place medical plan. After being released by the workplace physician, Claimant, feeling he needed further treatment, requested temporary total disability and continuing medical treatment.

¶2 Claimant requested Employer submit to the statutory dispute resolution procedures. When he received no reply to his request, Claimant filed for a pre-hearing conference seeking the appointment of an independent medical examiner, (IME). Over the protests of Employer, the trial court ordered Employer to furnish Claimant with an examination by an IME. Employer seeks review of this order, claiming the trial court circumvented the dispute resolution provisions of 85 O.S.1998 Supp. § 14.3(C) in appointing the IME, and requiring Employer to pay for the examination. Employer suggests it should be allowed to use a physician from its certified workplace medical plan to make the examination.

¶3 This Court ordered Employer to show cause why its petition for review should not be dismissed for lack of finality pursuant to *Hormel Food Corporation v. Hale*, 1996 OK CIV APP 54, 918 P.2d 91. In *Hormel*, the employer sought review of an order wherein the court ordered the employer to provide Claimant with a vocational rehabilitation evaluation under the supervision of a particular vocational rehabilitation group. Employer argued it was aggrieved because the order would require it to pay for the vocational evaluation. The Court of Civil Appeals dismissed the petition for review as premature because the employer had not shown it was ordered to pay for anything or that it was in any way aggrieved by the order.

 ¶4 A reviewable order of the Workers' Compensation Court is one which either grants or denies an award of compensation or otherwise constitutes a final determination of the rights between the parties. *Toney v. Parker Drilling Company*, 1982 OK 17, 640 P.2d 1356. The order we are reviewing requires "that respondent and/or insurance carrier shall furnish claimant with an Independent Medical Examination, for which a separate order will be issued forthwith." That later order, although included in the record, is not appealed.

¶5 DISMISSED.

CARL B. JONES, C.J., concurs; ADAMS, J., dissents.